

**FILE**

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE____MAY 2 3 2013

_____
for CHIEF JUSTICE

This opinion was filed for record
at 8:00 a.m. on May 23 2013

Ronald R. Carpenter
Supreme Court Clerk

## IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) ) ) | No. 86018-1 |
| LOWELL DERAY FINSTAD, | ) ) | En Banc |
| Petitioner. | ) ) ) ) | Filed  MAY 2 3 2013 |

GONZÁLEZ, J.—This case squarely asks whether petitioners collaterally challenging judgments and sentences based on a failure to follow statutory sentencing procedures must show that they were prejudiced by the claimed error. In 2007, Lowell Deray Finstad faced at least seven felony charges. After he was convicted by a jury on two of the charges, he and the State negotiated a global plea agreement on the remaining charges. The agreement likely resulted in less prison time for Finstad, and in exchange, Finstad agreed to dismiss his appeal of his jury convictions. Under the agreement, most of the sentences would run concurrently. However, the State indicated it would ask the judge to run a sentence for delivery of a controlled substance conviction consecutive to the others. It appears that neither the State nor Finstad nor the court realized that this consecutive sentence would constitute an exceptional sentence and require special findings. The judge accepted the pleas and

largely accepted the State's sentencing recommendation without making any special findings.

Finstad did not appeal. Three years later, Finstad filed this personal restraint petition, contending he received an exceptional sentence that did not comply with the requirements of RCW 9.94A.589 and RCW 9.94A.537. He asked this court to order the sentences be served concurrently. Reply Br. at 9. The State concedes that running the sentences consecutively resulted in an exceptional sentence, and, since the trial judge did not make the requisite findings, that the judgments and sentences are not valid on their faces. However, it contends that under the facts of this case, Finstad is not entitled to relief because he has not met his burden of showing he was prejudiced by the particular flaw. We agree and dismiss.

FACTS

In February 2007, a jury found Finstad guilty of one count of possession of a controlled substance with intent to deliver (cocaine) and one count of possession of a controlled substance (methamphetamine). Answer to Mot. for Discr. Review, App. F. The next month, Judge Wulle sentenced Finstad to 40 months confinement. *Id.* App. F at 6. Meanwhile, Finstad was facing two charges of possession of controlled substances (cocaine and methamphetamine) with intent to deliver stemming from a June 2006 event;[1] a charge of delivery of a controlled substance stemming from an

---

[1] Charged under Clark County Superior Court No. 06-1-01137-6.

October 2006 event;[2] a charge of intimidating a witness stemming from a 2005 event;[3] and a charge of attempted arson committed sometime in 2006.[4] *Id.* App. A at 12-13; Apps. H-J. The attempted arson charge carried a potential law enforcement victim aggravator. *Id.* App. A at 12. The possession charges carried potential firearms and school zone enhancements. Suppl. Br. of Resp't, App. A.

The State proposed a plea agreement under which Finstad would plead guilty to the pending charges and dismiss his appeal of his February convictions. In return, the State would not seek any sentencing enhancements. Answer to Mot. for Discr. Review, App. A at 12-13. On its formal offer, the State spelled out its sentencing recommendation:

> 120 Months in Total Confinement. This 120 months would include the 40 months on 06-1-01073-6, which was sentenced previously this year, 40 months on 06-1-01137-6, 40 months on 06-1-02072-3, each consecutive to each other. Additionally, the defendant would be sentenced to 40 months on 07-1-00611-7 (Witness [I]ntimidation), concurrent to all other causes, along with 40 Months on 07-1-01996-1 (Attempted Arson I), concurrent to all other causes.

*Id.* at 13.

On November 14, 2007, Finstad pleaded guilty to the remaining charges under four separate cause numbers. *Id.* Apps. A-D. Judge Wulle accepted Finstad's guilty pleas and largely accepted the State's sentencing recommendation, though he sentenced Finstad to only 36 months on the attempted arson charge. *Id.* Apps. D, F-I,

---

[2] Charged under Clark County Superior Court No. 06-1-02072-3.
[3] Charged under Clark County Superior Court No. 07-1-00611-7.
[4] Charged under Clark County Superior Court No. 07-1-01996-1.

K. While each individual sentence was within the standard range, Judge Wulle sentenced Finstad to consecutive sentences on the charges of possession with intent to deliver and the charge of delivery of a controlled substance. *Id.* In none of the four separate judgments and sentences issued that day did Judge Wulle make a specific finding that an exceptional sentence was appropriate under RCW 9.94A.589. *Id.*

Three years later, Finstad filed this personal restraint petition, contending the judgments and sentences were invalid on their faces because they did not show that the trial judge made the findings required by RCW 9.94A.589 before running sentences consecutively and because the State had not filed a notice of an intent to seek an exceptional sentence as required by RCW 9.94A.537(1).[5] He did not move to withdraw his guilty plea, which would have been untimely and could have put him at risk of the State seeking the sentencing enhancements it had abandoned. The Court of Appeals effectively treated his petitions as a motion to withdraw his plea on only some of the charges in a "'package deal'" and dismissed. Order Dismissing Pet. at 2 (No. 41877-1-II) (citing *State v. Ermels*, 156 Wn.2d 528, 540-41, 131 P.3d 299 (2006)). We granted review.

ANALYSIS

Initially, we note the State concedes that the judgments and sentences at issue are not valid on their faces because they do not show that the trial court complied with

---

[5] Finstad does not renew his RCW 9.94A.537 challenge before this court, and we do not reach it. He also now seeks resentencing rather than the nunc pro tunc order correcting the judgment and sentence he originally sought.

4

RCW 9.94A.589 before sentencing Finstad to consecutive sentences. It also concedes that Finstad has overcome the time bar set forth in RCW 10.73.090 ("No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction."). As the parties are not meaningfully adverse on these questions, we accept the State's concessions.

However, while Finstad has overcome the time bar on review, more is required before a court will order relief from a settled judgment. "Relief by way of a collateral challenge to a conviction is extraordinary, and the petitioner must meet a high standard before this court will disturb an otherwise settled judgment." *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 132-33, 267 P.3d 324 (2011) (citing *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 810-12, 792 P.2d 506 (1990)). Typically, this means a petitioner must show either that he or she was actually and substantially prejudiced by constitutional error or that his or her trial suffered from a fundamental defect of a nonconstitutional nature that inherently resulted in a complete miscarriage of justice. *In re Pers. Restraint of Elmore*, 162 Wn.2d 236, 251, 172 P.3d 335 (2007); *Cook*, 114 Wn.2d at 810-12.

Finstad does not specifically attempt to meet this standard. Instead, he contends that because the judgments and sentences lack the finding required by RCW 9.94A.535, they were entered without authority of law, and thus, he contends, he is

5

entitled to relief. As the State concedes, the sentencing process did not comply with the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. RCW 9.94A.589(1)(a) provides:

> Except as provided in (b) or (c) of this subsection, whenever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score . . . . Consecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.535.

Under RCW 9.94A.535:

> The court may impose a sentence outside the standard sentence range for an offense if it finds, considering the purpose of this chapter, that there are substantial and compelling reasons justifying an exceptional sentence. Facts supporting aggravated sentences, other than the fact of a prior conviction, shall be determined pursuant to the provisions of RCW 9.94A.537.[6]
> Whenever a sentence outside the standard sentence range is imposed, the court shall set forth the reasons for its decision in written findings of fact and conclusions of law.

While the SRA does not formally define "current offense," the term is defined functionally as convictions entered or sentenced on the same day. RCW 9.94A.525(1) ("Convictions entered or sentenced on the same date as the conviction for which the offender score is being computed shall be deemed

---

[6] RCW 9.94A.537 was enacted in the wake of *Blakely v. Washington,* 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), *see* LAWS OF 2005, ch. 68 § 4, and was amended in response to our opinion in *State v. Pillatos,* 159 Wn.2d 459, 150 P.3d 1130 (2007), *see* LAWS OF 2007, ch. 205. It establishes several procedural requirements before the State may seek an aggravated sentence based on facts that must be found by a jury beyond a reasonable doubt or admitted by the defendant. RCW 9.94A.537(3), (6). It does not apply to sentence calculations not based on aggravating factors that must be found beyond a reasonable doubt or admitted by the defendant. While Finstad contended that his sentence violated RCW 9.94A.537 in his original petition, he does not renew that argument and we do not reach it.

6

'other current offenses.'") Generally, sentences on current offenses are presumed to be served concurrently, rather than consecutively. RCW 9.94A.589(1)(a). In contrast, nothing in the SRA suggests that sentences issued on different days would not be presumptively served consecutively.

In *Coats,* we recognized that our case law had not been entirely consistent on whether mere invalidity, standing alone, was sufficient to justify relief. *Coats,* 173 Wn.2d at 142-43 (citing cases). *Coats* did not give us an opportunity to decide the issue. But this case does. As the chief justice observed in *Coats,* RCW 10.73.090 presents "a procedural bar, not a substantive bar." *Id.* at 145 (Madsen, C.J., concurring) (emphasis omitted). As such, overcoming it, by itself, does not entitle a petitioner to relief. A petitioner must also meet the substantive common law requirements articulated in *Cook,* 114 Wn.2d at 810-12.

In this case, the trial court's failure to make the finding appears to us to be nonconstitutional error. Accordingly, Finstad would be entitled to relief only if he establishes he has suffered from a complete miscarriage of justice. *Elmore,* 162 Wn.2d at 251. But even assuming that this error was of constitutional magnitude under *Blakely v. Washington,* 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), Finstad still must show actual and substantial prejudice flowing from that error.[7] *In re Pers. Restraint of Lord,* 123 Wn.2d 296, 303, 868 P.2d 835 (1994)

---

[7] Finstad does not contend at this court that his sentence violated *Blakely,* likely because it is well established that *Blakely,* like *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) before it, does not apply to questions of consecutive sentencing. *See State v.*

(citing *Cook*, 114 Wn.2d at 810); *cf. Coats*, 173 Wn.2d at 142. Any error here could have been avoided by simply scheduling the entry of the pleas for two successive days. Actual and substantial prejudice is made of sterner stuff.

An examination of the charging documents and documents attached to the defendant's statement on plea of guilty also persuades us that Finstad did not suffer actual and substantial prejudice (let alone complete miscarriage of justice) from the claimed error. Finstad was not only facing five felony charges, he was facing considerable sentencing enhancements. The original information charging two counts of possession with intent to deliver a controlled substance alleged that Finstad was armed with a 9 mm Beretta pistol, a .38 caliber Smith & Wesson revolver, and a .22 caliber pistol, within 1000 feet of a school zone. Suppl. Br. of Resp't, App. A. If Finstad had gone to trial, the State intended to seek a law enforcement victim aggravator enhancement on the attempted arson charge. *Id.*; Answer to Mot. for Discr. Review, App. A at 12. The State dropped the sentencing enhancements in return for Finstad pleading guilty and dismissing his pending appeal of earlier convictions. Finstad had notice that the State would seek consecutive sentences.

---

*Vance*, 168 Wn.2d 754, 762, 230 P.3d 1055 (2010) (citing *Oregon v. Ice*, 555 U.S. 160, 129 S. Ct. 711, 172 L. Ed. 2d 517 (2009)). Therefore, we respectfully disagree with our learned colleague in dissent that *Blakely* is implicated in this case or that we should raise the matter where counsel declined to. While it is not before us, we note the sentence in this case is simply not the type of sentence the *Blakely* Court was concerned about: one based on facts not admitted by the defendant or found by a jury beyond a reasonable doubt. *See State v. Evans*, 154 Wn.2d 438, 442, 114 P.3d 627 (2005) (citing *Blakely*, 542 U.S. 296). However, given that the statutes at issue in this case implemented *Blakely,* we err on the side of caution and apply the constitutional standard.

Under these facts, we respectfully disagree with our dissenting colleagues that Finstad has shown actual and substantial prejudice. Certainly, if we fix our eyes on the four corners of the four judgments and sentences it might appear so. But when we widen our gaze to include the documents associated with the plea agreement, any apparent prejudice evaporates.

Simply put, it appears to us that Finstad seeks to use a mutual mistake about the process required under the SRA to circumvent both the time limit on what amounts to a motion to withdraw a guilty plea and the principle that a global plea agreement is a contract and a petitioner cannot seek to invalidate only a portion of it. *See* CrR 4.2(f); *Ermels*, 156 Wn.2d at 540-41.[8] But even if this were a timely motion, a court will allow a petitioner to withdraw a guilty plea only if it appears "necessary to correct a manifest injustice." CrR 4.2(f). Finstad has made no such showing. While the sentence violated procedural requirements of the SRA, it was within the trial court's power to issue. RCW 9.94A.535. Given these facts, we find that Finstad has failed to show the requisite prejudice required for relief.[9]

---

[8] Given our resolution, we do not reach whether relief would violate the principles set forth in *Ermels*, 156 Wn.2d 528.

[9] The dissent contends that our resolution is inconsistent with the principle "that criminal defendants may not agree to punishment in excess of what the legislature has provided for in the SRA." Dissent at 6 (citing *State v. Barber*, 170 Wn.2d 854, 870-71, 248 P.3d 494 (2011); *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 871, 50 P.3d 618 (2002); *In re Pers. Restraint of Moore*, 116 Wn.2d 30, 38, 803 P.2d 300 (1991); *In re Pers. Restraint of Gardner*, 94 Wn.2d 504, 507, 617 P.2d 1001 (1980); *In re Pers. Restraint of Carle*, 93 Wn.2d 31, 33-34, 604 P.2d 1293 (1980)). The principle is, largely speaking, sound, but conflates the trial court's substantive power to sentence (limited to those sentences authorized by law) with the trial court's duty to follow the statutory procedures. When the trial court imposes a sentence that is too long, or

Our resolution today is consistent with our most recent word on the subject, *State v. Chambers*, 176 Wn.2d 573, 293 P.3d 1185 (2013). In July 1999, Chambers pleaded guilty to charges relating to drug manufacturing in February and May of the same year. *Id.* at 577-78. That November, before he was sentenced, Chambers stole a car, killed a pedestrian, and committed other crimes. *Id.* at 578. Represented by able counsel, Chambers agreed to plead guilty to the November charges in return for the State not bringing a felony murder charge and not seeking a gun enhancement on the drug manufacturing charge. *Id.* at 578-79. The State sought, and Chambers agreed to, a 240 month sentence on the November crimes, which amounted to an exceptional sentence. *Id.* at 579. The trial judge accepted the plea and the sentencing recommendation and sentenced accordingly, without making the findings required by RCW 9.94A.589. We found that the judgment and sentence was invalid on its face but that Chambers failed to demonstrate the requisite level of prejudice required for relief. *Chambers,* 176 Wn.2d 583-87. Chambers, like Finstad, "received the precise sentence he stipulated to in the plea agreement." *Id.* at 586. "The failure of the trial

contains unlawful conditions, this court will regularly correct that sentence, whether challenged directly or collaterally. All the cases cited above demonstrate that principle. *See Barber,* 170 Wn.2d at 874 (petitioner not entitled to specific performance of an illegal term in a plea agreement); *Goodwin,* 146 Wn.2d at 876-77 (imposition of a sentence predicated on a miscalculated offender score unlawful regardless of petitioner's earlier acquiescence); *Moore,* 116 Wn.2d at 38-39 (pre-SRA sentence of life without possibility of parole not authorized by relevant statutes); *Gardner,* 94 Wn.2d at 506 (fine in excess of twice the defendant's gain or the victim's loss not authorized by relevant statute); *Carle,* 93 Wn.2d at 33-34 (imposition of firearm enhancement unlawful under controlling case law and statutes). By contrast, when the trial court imposes a lawful sentence but commits some legal error along the way, collateral relief is available only when the petitioner demonstrates he or she has suffered the requisite harm. *See, e.g., Coats,* 173 Wn.2d at 144. Finstad has not done so.

judge to check the exceptional sentence box and enter a finding of fact does not require resentencing when the sentence was requested by the defendant." *Id.* at 587 (citing *In re Pers. Restraint of Breedlove*, 138 Wn.2d 298, 311, 979 P.2d 417 (1999)). The *Chambers* principle applies here.

CONCLUSION

Under the facts of this case, Finstad has not shown that he suffered actual and substantial prejudice from the trial judge's failure to make the specific findings required by the SRA before entering consecutive sentences on current offenses. Accordingly, we affirm the Court of Appeals on slightly different grounds and dismiss this petition.

No. 86018-1

_____Gonzáles, J._____

WE CONCUR:

_____Madsen, C.J._____    _____(signature)_____

_____(blank)_____    _____Stephens, J._____

_____(signature) J._____    _____(blank)_____

_____Fairhurst, J._____    _____(blank)_____

12

No. 86018-1

WIGGINS, J. (dissenting)—The exceptional sentence imposed on Lowell Deray Finstad was not supported by factual findings or the defendant's stipulation as required by the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, and by *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). This error resulted in the imposition of 40 months of incarceration that the trial court was not authorized to impose. Because he shows that more than three years of his sentence suffers from statutory and constitutional infirmity, Finstad demonstrates the sufficient prejudice to support his personal restraint petition (PRP). Rather than speculate as to the lawful sentence the trial court would or could have imposed had it understood the requirements for imposing an exceptional sentence, I would grant Finstad's PRP and remand this matter to the trial court to impose a lawful sentence as our precedent requires. I dissent.

DISCUSSION

This case is not about whether personal restraint petitioners who are unlawfully sentenced "must show that they were prejudiced by the claimed error." Majority at 1. Our case law makes clear that they must. This case is about whether imposing sentences in excess of what is authorized by law results in prejudice that

entitles a petitioner to relief in the form of receiving a legal sentence. Our case law makes clear that it does.

I agree with the majority that overcoming the procedural bar does not, in and of itself, entitle a petitioner to relief. *Id.* at 6. I also agree that petitioners must demonstrate prejudice for relief to be available. *Id.* at 7. However, the majority overlooks that while we approach these procedural and substantive prongs of analysis separately, "of course they may turn on the same facts in a particular case." *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 138 n.9, 267 P.3d 324 (2011).

This is just such a case. The unlawful sentence imposed on Finstad not only enables him to overcome the procedural bar but also demonstrates that he was prejudiced. Here, the sentencing court imposed an exceptional sentence on Finstad that it was not authorized to impose under the SRA or the United States Constitution. This sentence resulted in the prejudicial imposition of 40 additional months' incarceration. Because Finstad overcomes both the procedural and substantive bars, he is entitled to relief. We should grant his PRP and remand this matter to the trial court so that it may impose a lawful sentence on Finstad.

I.   The exceptional sentence imposed by the trial court violated the SRA and the United States Constitution thereby prejudicing Finstad

There is no dispute in this case that the trial court exceeded its authority by running sentences for current offenses consecutively. RCW 9.94A.589(1)(a) ("Sentences imposed under this subsection shall be served concurrently."). If the trial judge had followed the SRA, the only way he could have imposed consecutive

sentences was by following the provisions of RCW 9.94A.535. RCW 9.94A.589(1)(a).

RCW 9.94A.535 allows a trial court to impose "a sentence outside the standard sentence range for an offense if it finds . . . that there are substantial and compelling reasons justifying an exceptional sentence." In addition, RCW 9.94A.535 requires the court to "set forth the reasons for its decision in written findings of fact and conclusions of law." No written findings of fact and conclusions of law were entered by the trial judge in this case. The trial judge did not find—nor did the parties advise the judge that he needed to find—substantial and compelling reasons that justified an exceptional sentence.

In order to demonstrate nonconstitutional prejudice, a personal restraint petitioner must show "a fundamental defect of a nonconstitutional nature that inherently resulted in a complete miscarriage of justice." *Coats*, 173 Wn.2d at 132. The trial court in this case failed to follow the law. This failure resulted in a set of consecutive 40-month sentences that should have run concurrently. It should go without saying that 40 more months in prison—imposed without authorization—is a fundamental defect that results in a complete miscarriage of justice.

In addition to the prejudicial SRA violation, Finstad's sentence clearly runs afoul of the constitutional rules laid down by the United States Supreme Court in *Apprendi*, 530 U.S. 466, and *Blakely*, 542 U.S. 296.[1] In *Apprendi*, the Supreme

---

[1] The majority believes we should not address the constitutional violation in this case because "Finstad does not contend at this court that his sentence violated *Blakely*." Majority at 7 n.7. Finstad's pro se PRP does not specifically raise *Blakely* but instead attacks the provisions of the SRA that implemented *Blakely*'s requirements. *See* PRP at 9. Ironically, these same *Blakely*-implementing statutes prompt the majority to "err on the side of caution and apply the

3

Court recognized that facts that increase the penalty for a crime "beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The Court determined that it was unconstitutional to remove "'the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed'" and that it was "'clear that such facts must be established by proof beyond a reasonable doubt.'" *Id.* (quoting *Jones v. United States*, 526 U.S. 227, 252-53, 119 S. Ct. 1215, 143 L. Ed. 2d (1999) (Stevens, J., concurring)). In *Blakely*, the Supreme Court indicated that a defendant could waive *Apprendi* rights but clarified, "When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either *stipulates to the relevant facts or consents to judicial factfinding.*" *Blakely*, 542 U.S. at 310 (emphasis added).

In making this constitutional inquiry, it is irrelevant that the findings required under the SRA are sentencing factors rather than traditional elements of the offense. Under *Apprendi*, when a sentence enhancement is used "to describe an increase beyond the maximum authorized statutory sentence, it is the functional equivalent of an element of a greater offense." 530 U.S. at 494 n.19. Because the SRA requires written findings to impose any sentence outside the standard range sentence, RCW 9.94A.535, these findings plainly fall within *Apprendi*'s purview and must accordingly be made beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490.

---

constitutional standard" of review. Majority at 7 n.7. In any event, Finstad did raise the unconstitutional nature of his sentence below by referring to *Blakely*'s and *Apprendi*'s requirements that defendants stipulate to relevant facts or consent to judicial fact-finding before a sentencing court may impose an exceptional sentence, Reply Br. of Finstad at 5-6, and I thus believe that our review of the issue is merited.

4

The majority takes issue with this constitutional analysis, contending that, based on *Oregon v. Ice*, 555 U.S. 160, 129 S. Ct. 711, 172 L. Ed. 2d 517 (2009), and *State v. Vance*, 168 Wn.2d 754, 762, 230 P.3d 1055 (2010), "it is well established that *Blakely*, like *Apprendi* . . . before it, does not apply to questions of consecutive sentencing." Majority at 7 n.7. But *Ice* considered only "the scope of the Sixth Amendment's jury-trial guarantee, as construed in *Apprendi*." 555 U.S. at 163. *Ice* held that the Oregon legislature could assign a judge, rather than a jury, as a finder of fact when seeking to impose consecutive sentences without violating the Sixth Amendment. *Id.* at 168-69. Nowhere in *Ice* did the United States Supreme Court abrogate *Apprendi*'s clear Fifth Amendment requirement that facts supporting a sentence enhancement be found—either by judge or by jury—beyond a reasonable doubt. The trial judge in *Ice* made findings under Oregon law sufficient to impose consecutive sentences. *Id.* at 165-66. In *Vance* too, we held that "[u]nder *Ice*, a sentencing judge . . . may *find facts* to support consecutive sentences," 168 Wn.2d at 762 (emphasis added), and concluded that because the trial judge engaged in the appropriate fact finding, he did not err, *id.* at 762-63. Therefore, even after *Vance* and *Ice*, for a trial court to constitutionally impose a sentence beyond the statutory maximum, either the jury or the judge must engage in fact-finding to support such a sentence.

In this case, Finstad waived his right to a jury by pleading guilty. At sentencing, there was no fact-finding by the judge that supported the imposition of consecutive exceptional sentences beyond a reasonable doubt as constitutionally

5

required by *Apprendi.* Finstad's sentence was thus plain error under the United States Constitution.

In cases of constitutional error, we have required personal restraint petitioners to show that "they were actually and substantially prejudiced." *Coats,* 173 Wn.2d at 132. As discussed, the imposition of an exceptional sentence in this case plainly violates what the United States Supreme Court has constitutionally required when it comes to employing sentence enhancements. Accordingly, there is little question that the exceptional sentence imposed here, which resulted in 40 additional months of prison time for Finstad, constitutes actual and substantial prejudice.

The majority, however, engages in a post hoc rationalization to conclude that there was no prejudice in this case, claiming that "[a]ny error here *could have* been avoided by simply scheduling the entry of the pleas for two successive days. Actual and substantial prejudice is made of sterner stuff." Majority at 7 (emphasis added). All trial court errors *could have* been avoided by following appropriate procedures; the point is that appropriate procedures were not followed. As for "sterner stuff," most people would consider an illegally imposed 40 months in prison to be "stern stuff." Serving an illegally imposed 40 months in prison is ipso facto prejudicial.

The majority also suggests that Finstad was not prejudiced because he had notice of the consecutive sentences and that the State's plea offer dropped the sentencing enhancements it could have sought in return for Finstad's guilty plea. Majority at 7-8. However, we have consistently held that criminal defendants may not agree to punishment in excess of what the legislature has provided for in the SRA. *State v. Barber,* 170 Wn.2d 854, 870-71, 248 P.3d 494 (2011); *In re Pers.*

6

*Restraint of Goodwin*, 146 Wn.2d 861, 871, 50 P.3d 618 (2002); *In re Pers. Restraint of Moore*, 116 Wn.2d 30, 38, 803 P.2d 300 (1991); *In re Pers. Restraint of Gardner*, 94 Wn.2d 504, 507, 617 P.2d 1001 (1980); *In re Pers. Restraint of Carle*, 93 Wn.2d 31, 33-34, 604 P.2d 1293 (1980). If the majority wishes to depart from cases that disallow a plea agreement to alter the trial court's legislatively granted sentencing authority, it should overrule them.[2]

The trial court might conceivably have entered appropriate findings to justify this extraordinary sentence, but possibilities in an alternative universe do not alleviate the prejudice Finstad demonstrates from the sentence he actually received—Finstad must serve 40 unauthorized extra months in an actual prison. I would require the trial court to impose a lawful sentence in the first instance.

II.     The appropriate remedy is remand for imposition of a correct sentence

On collateral review, when a legally erroneous sentence has been imposed, we have consistently remanded the case to the trial court for the imposition of a lawful sentence. *See In re Pers. Restraint of Beito*, 167 Wn.2d 497, 507-08, 220 P.3d 489 (2009) (holding that exceptional sentence imposed in violation of *Blakely* required remand to impose a lawful sentence); *In re Pers. Restraint of Tobin*, 165 Wn.2d 172, 176, 196 P.3d 670 (2008) ("[T]he proper remedy is remand for correction

---

[2] The majority states that this dissent's reading of these cases conflates the trial court's substantive power to sentence with its duty to follow statutory procedures. Majority at 9 n.9. The majority calls the sentence imposed here a "lawful sentence" because, even though the trial judge failed to follow the SRA, the trial judge *could have* done so. *Id.* The majority's distinction is an artificial one, as trial courts derive their substantive power to sentence only by following the sentencing procedures that the legislature has established. Indeed, the legislature's power to fix the penalties and punishments for crimes is ""'plenary and subject only to constitutional provisions.'"" *State v. Varga*, 151 Wn.2d 179, 193, 86 P.3d 139 (2004) (quoting *State v. Thorne*, 129 Wn.2d 736, 767, 921 P.2d 514 (1996) (quoting *State v. Mulcare*, 189 Wash. 625, 628, 66 P.2d 360 (1937))). Thus, the trial court's failure to follow the required sentencing statutes must necessarily result in a sentence that is unlawful.

7

of the [sentencing] error."); *In re Postsentence Review of Leach*, 161 Wn.2d 180, 188, 163 P.3d 782 (2007) (holding that where portion of sentence is not authorized by statute, it "must be excised from [the] otherwise valid sentence"); *In re Pers. Restraint of West*, 154 Wn.2d 204, 215, 110 P.3d 1122 (2005) (holding trial court exceeding sentencing authority required reversal of the erroneous portion of the sentence imposed); *Goodwin*, 146 Wn.2d at 873-74 (requiring relief from an unlawful sentence in the form of resentencing within trial court's lawful authority); *In re Pers. Restraint of Breedlove*, 138 Wn.2d 298, 310, 313, 979 P.2d 417 (1999) (holding that the sentencing court must enter findings of fact and conclusions of law explaining reasons for the sentence and remanding for the entry of such findings and conclusions). According to these cases, the appropriate remedy here is to remand Finstad's case to the trial court to impose a lawful sentence. On remand, the trial court is free to impose an exceptional consecutive sentence by engaging in the fact-finding that the SRA and United States Supreme Court precedent require, if appropriate. But this court should not substitute speculations and post hoc rationalizations for the imposition of a sentence that actually complies with the SRA and the United States Constitution.

Recently, in *State v. Chambers*, 176 Wn.2d 573, 293 P.3d 1185 (2013), I dissented on similar grounds.[3] In *Chambers*, the majority acknowledged that the trial court failed to follow the SRA in imposing an exceptional sentence, but nonetheless held that he could not demonstrate prejudice because the trial court could have

---

[3] Chambers, who committed his crimes before the publication of *Apprendi* and *Blakely*, raised a statutory question under the SRA, but not a constitutional issue. *Chambers*, 176 Wn.2d at 577-78 (noting various crimes occurring in 1999).

8

imposed the sentence anyway and because Chambers agreed to the sentence imposed in his plea agreement. 176 Wn.2d at 586-87. In *Chambers*, I disagreed with the majority's post hoc endorsement of or acquiescence in the trial courts' erroneous application of the law. This case presents the same disagreement. The legislature, rather than this court, determines the manner in which trial courts must sentence defendants. This court should not permit clear violations of the legislative sentencing mandate—especially those that result in unauthorized imprisonment—to continue to go unchecked in our lower courts. Other than making the untenable assertion that additional imprisonment imposed in violation of the SRA is not prejudicial in the context of PRPs, neither the *Finstad* nor the *Chambers* majority offers any convincing or reasoned explanation for endorsing trial court sentencing errors.

## CONCLUSION

Finstad, along with other criminal defendants, is entitled to receive a lawful sentence for his crimes whether or not he agrees to serve an unlawful sentence and whether or not the sentencing court could have legally imposed the sentence in question. Finstad's sentence was unlawful and resulted in an additional 40 months imprisonment. This is plainly prejudicial and entitles Finstad to relief. I would remand this matter to the trial court with instructions to impose a sentence on Finstad that is authorized by law.

I dissent.

Wiggins, J.