# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No. 53459-2-II |
| RAYMOND HALL, | |
| Petitioner. | UNPUBLISHED OPINION |

SUTTON, A.C.J. — Petitioner Raymond Hall is currently incarcerated and files this personal restraint petition (PRP) related to the plea agreement he entered into in 2011 as part of a global resolution of three separate felony cases. In 2011, Hall was tried and convicted in Clark County of charges related to felony assault and firearms possession.[1] While that case was pending, he was charged with felony property crimes.[2] After the parties reached a global settlement of all pending cases, Hall pleaded guilty to an amended information regarding the felony property crimes case. The State agreed to recommend that Hall serve 57 months of confinement in that case and 218 months of confinement in the earlier assault case, with these sentences running concurrently and totaling 23 years. The State changed its recommendation at sentencing for the sentences to be served consecutively; however, the total time in confinement was still 23 years. Eight years later, Hall filed a CrR 7.8 motion, claiming that the State breached the agreement by changing its recommendation at sentencing. The superior court transferred the motion to this court as a PRP.

---

[1] Clark County Superior Court cause no. 10-1-02107-8.
[2] Clark County Superior Court cause no. 11-1-00064-8.

Hall argues that (1) the State breached the plea agreement because it recommended that Hall serve his two sentences consecutively rather than concurrently, (2) he was prejudiced, and (3) he is entitled to the remedy of specific performance.

We hold that the State did not breach the plea agreement, and even if it did, Hall fails to show actual and substantial prejudice. We deny Hall's petition for relief.

FACTS

In 2011, a jury convicted Hall in Clark County of assault in the second degree, unlawful possession of a firearm in the first degree, unlawful possession of a firearm in the second degree, and theft of a firearm, under superior court cause number 10-1-02107-8. While that case and trial were pending, the State separately charged Hall with numerous felony property crimes, including identity theft under cause number 11-1-00064-8. At the same time, Hall also had pending multi-count charges of aggravated felony identity theft in Multnomah County, Oregon.[3]

The parties agreed to a plea agreement in the 11-1-00064-8 case as part of the State's global offer of settlement in order to resolve all three pending cases. The plea agreement stated that "[Hall] agrees to a stipulated 23 year sentence in this case and cause no 10-1-02107-8." 7.8(b) Motion, App. C at 6. It also stated that the State recommended "57 months concurrent with Clark County Cause No. 10-1-02107-8 and Multnomah County, Oregon criminal cases." 7.8(b) Motion, App. C at 6. Following his 23 years in total confinement, Hall agreed to serve two years of post-prison supervision in Oregon.

---

[3] Multnomah County District Attorney's case no. 2219081.

The parties attached to the plea agreement their email negotiations, which stated that Hall accepted 23 years in prison, and that the Multnomah County prosecutor agreed to a sentence of five years for Hall's aggravated felony theft charges to be served concurrently with the other sentences.

The Clark County court held three hearings, with the first hearing on August 5, 2011. At this hearing, Hall's counsel informed the court of the sentence the State would be recommending based on the global resolution:

> What we're doing here is he's doing a change of plea to the identity thefts in exchange for some global arrangement in Multnomah County that extends over three counties and in this county on the identity theft and agreeing to waive his rights of appeal on the other and stipulate to a 23-year sentence. That's – he seems –he believes that's an advantage to do so.
>
>  . . . .
>
> What – what the deal is, the Prosecutor's recommendation is to recommend 57 months on this – this cause number, 11-1-0064-8, to run concurrent with a stipulated 23-year-sentence in Cause Number .10-1-02107-8, which is the subject matter of the assault trial, the weapons charge[.]
>
>  . . . .
>
> Multnomah County, whose e-mail is attached and [the Washington prosecutor] acknowledges as true, genuine, and correct, is that they'll take his Multnomah County, Clackamas County, Washington County identity theft charges and run them concurrent here, as well as the charges [Hall] just pled to would be agreed to run concurrent here . . . .

7.8(b) Motion, App. 2 at 45, 56-58 (Verbatim Report of Proceedings (VRP) (Aug. 5, 2011) at 1126, 1137-39).

The parties returned for the sentencing hearing on August 23, but Hall was not ready to proceed, so it was continued. The court engaged in a short colloquy with the parties, where Hall's

counsel stated, "There's an agreed 23 years," and the State stated that the sentences were to run consecutively. 7.8(b) Motion, App. 2 at 72 (VRP (Aug. 23, 2011) at 1152). In Hall's motion to continue, he stated that he "agreed to a stipulated prison term of 23 years for a global resolution." 7.8 (b) Motion, App. I at 233 (Motion to Continue Sentencing).

The parties returned for sentencing on September 7. As to the assault and firearms sentence (10-1-02107-8), the State said the following: "[T]he agreement between the [p]arties was that [it] would run consecutive [to] both Oregon and [Washington] matters. . . . Our recommendation was just to recommend 218 months, which we're doing." 7.8(b) Motion, App. 2 at 87-88 (VRP (Sept. 7, 2011) at 1165-66). As to the identity theft case, the State said,

> I think this is a good resolution in the context of [the 10-1-02107-8] matter. And regarding the ranges for the [identity] thefts, it's 43 to 57 months, 22 to 29 months on the forgery and the [possessions of stolen property] . . . the agreement is the high end, 57 months, concurrent with [the10-1-02107-8] case.

7.8(b) Motion, App. 2 at 91 (VRP (Sept. 7, 2011) at 1169). The court inquired as to whether the sentences were to run consecutively or concurrently. The prosecutors for the two Clark County cases conferred on the record, and the prosecutor for the assault and firearms case said that he could not reach 23 years unless the sentences ran consecutively. Hall's counsel did not object, but said, "[W]e agree to 23 years." 7.8(b) Motion, App. 2 at 91 (VRP (Sept. 7, 2011) at 1171). Therefore, the State recommended and the court agreed that the sentences should run consecutively.

In 2019, Hall filed a CrR 7.8 motion with the superior court, claiming that the State breached the plea agreement by recommending that the identity theft and assault and firearms cases be served consecutively rather than concurrently. Hall also claimed that the sentences for the

identity theft convictions were unlawful since the 57-month sentence plus the 12 months of community custody exceeded the statutory maximum sentence of 60 months. Thus, Hall argued that his petition was timely because the judgment and sentence was facially invalid.

The superior court agreed that the sentence for the identity theft convictions exceeded the statutory maximum, and it entered an order amending the judgment and sentence for the identity theft convictions to modify the period of community custody from 12 months to 3 months. The court found that Hall failed to make a substantial showing that he was entitled to relief on the breach claim and transferred Hall's CrR 7.8 motion to this court as a PRP.

ANALYSIS [4]

Hall argues that (1) the State breached the plea agreement because it recommended Hall serve his sentences consecutively rather than concurrently, (2) he was prejudiced, and (3) the proper remedy is specific performance. We hold that the State did not breach the plea agreement, and even if it did, Hall fails to show actual and substantial prejudice. We deny Hall's petition for relief.

CrR 7.8(b) establishes that a court may relieve a party from final judgment if one of the factors is met. A petitioner may request relief through a PRP when he or she is under an unlawful restraint. RAP 16.4(a)-(c). "A personal restraint petitioner must prove either a (1) constitutional error that results in actual and substantial prejudice or (2) nonconstitutional error that 'constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" *In re Pers. Restraint of Monschke*, 160 Wn. App. 479, 488, 251 P.3d 884 (2010) (quoting *In re Pers. Restraint*

---

[4] The State argues that this PRP is untimely. However, we exercise our discretion to reach the merits. RAP 1.2(c).

*of Davis*, 152 Wn.2d 647, 672, 101 P.3d 1 (2004)). The petitioner must prove prejudice by a preponderance of the evidence. *In re Pers. Restraint of Lord*, 152 Wn.2d 182, 188, 94 P.3d 952 (2004). In addition, "[t]he petitioner must support the petition with facts or evidence and may not rely solely on conclusory allegations." *Monschke*, 160 Wn. App. at 488; RAP 16.7.

> In evaluating personal restraint petitions, we can: (1) dismiss the petition if the petitioner fails to make a prima facie showing of constitutional or nonconstitutional error; (2) remand for a full hearing if the petitioner makes a prima facie showing but the merits of the contentions cannot be determined solely from the record; or (3) grant the PRP without further hearing if the petitioner has proved actual prejudice or a miscarriage of justice.

*In re Pers. Restraint of Stockwell*, 160 Wn. App. 172, 176-77, 248 P.3d 576 (2011).

## I. BREACH

"We review constitutional issues, like questions of law, de novo." *State v. MacDonald*, 183 Wn.2d 1, 8, 346 P.3d 748 (2015). "A reviewing court applies an objective standard to determine whether the State breached a plea agreement." *MacDonald*, 183 Wn.2d at 8.

A plea agreement is a contract between the defendant and the prosecutor. *Lord*, 152 Wn.2d at 188. Due process requires a prosecutor to fulfill the terms of the agreement and recommend the agreed upon sentence. *Lord*, 152 Wn.2d at 189. If a prosecutor fails to do so, a defendant may seek relief in a PRP. *Lord*, 152 Wn.2d at 189. Actual prejudice is established if the defendant can show that the prosecutor failed to adhere to the terms of the plea agreement. *Lord*, 152 Wn.2d at 189. Whether the prosecutor breached the plea agreement is analyzed by looking at the sentencing record to determine the parties "'objective manifestations of intent.'" *Lord*, 152 Wn.2d at 189 (quoting *State v. Turley*, 149 Wn.2d 395, 400, 69 P.3d 338 (2003)). If the plea agreement has indeed been breached, the defendant may either withdraw his plea and submit to a new trial or

obtain specific performance of the terms of the agreement. *Lord*, 152 Wn.2d at 189-90. The trial court's failure to enter findings of fact does not warrant vacating the judgment and sentence absent prejudice. *In re Pers. Restraint of Breedlove*, 138 Wn.2d 298, 311, 979 P.2d 417 (1999); *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 508, 301 P.3d 450 (2013).

Here, the State did not breach the plea agreement by recommending Hall serve his sentences consecutively rather than concurrently. The parties agreed that Hall would serve a 23-year sentence, and that is the sentence the court imposed. The State only recommended he serve his sentences consecutively because it could not reach the agreed sentence of 23 years otherwise. The "'objective manifestations of intent'" was for Hall to serve 23 years, so there was no breach. *See Lord*, 152 Wn.2d at 189 (quoting *Turley*, 149 Wn.2d 400).

Therefore, we hold that the State did not breach the plea agreement.

## II. PREJUDICE

Even if the State had breached the plea agreement, Hall cannot show prejudice. "'Relief by way of a collateral challenge to a conviction is extraordinary, and the petitioner must meet a high standard before [the] court will disturb an otherwise settled judgment.'" *Finstad*, 177 Wn.2d at 507 (quoting *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 132-33, 267 P.3d 324 (2011)). A defendant who overcomes the time bar must still "show either that he or she was actually and substantially prejudiced by constitutional error or that his or her trial suffered from a fundamental defect of a nonconstitutional nature that inherently resulted in a complete miscarriage of justice." *Finstad*, 177 Wn.2d at 506. In *Finstad*, our Supreme Court found that there was no prejudice even though the State recommended, and the trial court imposed, sentences that fell outside the statutory maximum to be served consecutively rather than concurrently because the defendant faced

significantly higher time in prison based on the charges. *Finstad*, 177 Wn.2d at 509. The Supreme Court determined that it may have found prejudice if it looked only at the defendant's various judgments and sentences, but "when [it] widen[ed] [its] gaze to include the documents associated with the plea agreement, any apparent prejudice evaporate[d]." *Finstad*, 177 Wn.2d at 509.

Here, Hall claims a constitutional error, so he is only entitled to relief if he establishes that he was actually and substantially prejudiced. Hall has suffered no prejudice as a result of this breach. The record shows that Hall requested that he serve 23 years in confinement. "[Hall] agrees to a stipulated 23 year sentence in this case and cause 10-1-021078." 7.8(b) Motion, App. C at 6. Even though the State recommended and the superior court imposed Hall's sentences to be served consecutively, Hall ultimately ended up receiving a 23-year sentence. The court imposed 57 months in his conviction for cause number 11-9-05516-8 and 218 months for cause number 10-1-02107-8Therefore, Hall got the exact sentence that he requested as part of his plea agreement, and he suffered no actual and substantial prejudice.

Because Hall has suffered no actual and substantial prejudice as a result of the State's breach of the plea agreement, we deny his petition for relief.

No. 53459-2-II

We deny Hall's petition for relief.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Sutton, A.C.J.
SUTTON, A.C.J.

We concur:

Worswick, J.
WORSWICK, J.

Melnick, J.
MELNICK, J.