# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>ROBERT ANDRE FRAZIER,<br><br>                Petitioner. | No.  51085-5-II<br>(Consolidated with 51799-0-II)<br><br><br>UNPUBLISHED OPINION |

PRICE, J. — Robert A. Frazier brings this personal restraint petition (PRP) challenging his 1981 sentence for first degree murder, arguing he is entitled to resentencing under *Houston-Sconiers*.[1]  We grant Frazier's petition and remand for the trial court to resentence Frazier with discretion to impose any sentence after considering the mitigating factor of Frazier's youth.

### FACTS

On August 5, 1981, Frazier and Kirk Spencer robbed and severely beat 82-year-old Olando Enger.  *State v. Frazier*, 99 Wn.2d 180, 181, 661 P.2d 126 (1983).  Enger died a few days later. *Id.* at 182.  Frazier was 15 years old at the time of the crime.  *Id.*

The State charged Frazier with conspiracy to commit first degree robbery, first degree robbery, and first degree felony murder.  *Id.*  After a decline hearing, Frazier's case was remanded to superior court to be tried as an adult.  *Id.* at 183.  The parties agree that the trial court found Frazier guilty of first degree murder following a stipulated facts bench trial.  The trial court

---

[1] *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017).

sentenced Frazier to life imprisonment with a minimum term to be set by the Board of Prison Terms and Paroles, then later by the Indeterminate Sentence Review Board.[2]

In October 2017, Frazier filed the current PRP challenging his sentence. PRP at 1. In May 2018, Frazier also filed a CrR 7.8 motion in the superior court challenging his sentencing. The superior court transferred Frazier's CrR 7.8 motion to this court for consideration as a PRP. After the superior court transferred Frazier's CrR 7.8, this court consolidated the two cases. This court then stayed the case several times pending the outcome of several cases before the Washington Supreme Court. In April 2021, this court lifted the stay and ordered supplemental briefing on Frazier's petition.

## ANALYSIS

Frazier challenges his sentence arguing that his mandatory life sentence was unconstitutional because Frazier was a juvenile at the time of his offense. We agree.

To be entitled to relief in a PRP, the petitioner must show either (1) a constitutional error resulting in actual and substantial prejudice, or (2) "a fundamental defect of a nonconstitutional nature that inherently resulted in a complete miscarriage of justice." *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 506, 301 P.3d 450 (2013).

In *Houston-Sconiers*, our Supreme Court held that when sentencing juveniles, the Eighth Amendment requires courts to consider the " 'hallmark features' " of youth and have discretion to impose a sentence below the standard range. 188 Wn.2d at 23 (quoting *Miller v. Alabama*, 567 U.S. 460, 477, 132 S. Ct. 2455, 183 L. Ed. 407 (2012)).

---

[2] No record of Frazier's trial or sentencing hearing have been provided to this court.

No. 51085-5-II
(Consolidated with No. 51799-0-II)

Following *Houston-Sconiers*, our Supreme Court held that "a petitioner [seeking relief under *Houston-Sconiers*] establishes actual and substantial prejudice when a sentencing court fails to consider mitigating factors relating to the youthfulness of a juvenile tried as an adult and/or does not appreciate its discretion to impose any exceptional sentence in light of that consideration." *In re Pers. Restraint of Domingo-Cornelio*, 196 Wn.2d 255, 268, 474 P.3d 524 (2020), *cert. denied*, 141 S. Ct. 1753 (2021). "Unless the court meaningfully considers youth and knows it has absolute discretion to impose a lower sentence, we cannot be certain that an adult standard range was imposed appropriately on a juvenile . . . ." *Id.* Where a petitioner establishes actual and substantial prejudice, we will remand for resentencing. *Id.* at 268-69.

Here, the trial court imposed a life sentence as was required under former RCW 9A.32.040(3) (1977). Although it appears no case has specifically addressed sentences imposed under statutes prior to the Sentencing Reform Act (SRA), chapter 9.94A RCW, *Houston-Sconiers* is clear that the Eighth Amendment requires that a trial court consider youth and has discretion to impose lower sentences on juveniles. 188 Wn.2d at 23. The trial court imposed a life sentence as mandated by former RCW 9A.32.040(3) in 1981 and, based on the law existing at the time, would not likely have thought that it possessed any discretion to depart from a life sentence. We can infer that the trial court did not know that it had sentencing discretion and, thus, did not meaningfully consider Frazier's youth at the time he was sentenced. The imposition of the life sentence without

3

considering Frazier's youth and without any discretion resulted in an unconstitutional sentence under the principles articulated in *Houston-Sconiers*.[3]

The State argues that Frazier cannot show actual and substantial prejudice because first degree murder charges are always subject to the statutory maximum of life. But the State's argument does not account for the discretion trial courts have to depart from mandatory sentencing provisions. As *Domingo-Cornelio* and *Houston-Sconiers* make clear, trial courts always possess discretion when sentencing youth, including imposing a determinate sentence. *See In re Pers. Restraint of Forcha-Williams*, 18 Wn. App. 2d 167, 181, 490 P.3d 255 (2021) (holding discretion includes ability to impose a determinate sentence for juveniles even if the SRA requires an indeterminate sentence for adults). Because the trial court possesses discretion when sentencing juveniles, evidence of mitigating factors of Frazier's youth may yield a lesser sentence than life.

We grant Frazier's petition and remand for resentencing for the trial court to consider Frazier's youth with discretion in imposing the sentence.

---

[3] Because Frazier's sentence is clearly unconstitutional under these principles, we do not need to address Frazier's additional argument for extension of the categorical bar in *State v. Bassett*, 192 Wn.2d 67, 428 P.3d 343 (2018), against sentences of life without parole for juveniles to life sentences that do have the possibility of parole or other release.

No. 51085-5-II
(Consolidated with No. 51799-0-II)


A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040,

it is so ordered.

PRICE, J.

We concur:

WORSWICK, P.J.

LEE, J.

5