# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No. 57021-1-II |
| CHRISTOPHER R. JOHNSON, | |
| Petitioner. | UNPUBLISHED OPINION |

VELJACIC, J. — Following an online sting operation, a jury found Christopher Johnson guilty of attempted rape of a child in the second degree, attempted sexual abuse of a minor, and communication with a minor for immoral purposes. He was denied an entrapment jury instruction at the trial court level, and appealed to this court. This court affirmed, concluding he had not met the burden to obtain the instruction, and the Supreme Court also affirmed. *See State v. Johnson*, 12 Wn. App. 2d 201, 460 P.3d 1091 (2020), *aff'd*, 197 Wn.2d 740, 487 P.3d 893 (2021). Now, Johnson petitions us to grant him a new trial in light of *State v. Arbogast*, 199 Wn.2d 356, 506 P.3d 1238 (2022).

We hold, as this court concluded on direct appeal, that Johnson did not show any evidence to support an entrapment instruction. Additionally, we hold that because *Arbogast* did not announce a new rule and merely clarified existing law, the *Arbogast* decision does not apply to Johnson's collateral attack, and we dismiss his petition.

FACTS

I.   BACKGROUND

Law enforcement created a posting in the Craigslist casual encounters section.  The posting was titled "crazy and young.  looking to explore.  w4m[1] (Bremerton)."  Clerk's Papers (CP) at 6.  Johnson responded to the advertisement.  Over the next few hours, a law enforcement officer posing as a 13-year-old girl exchanged an e-mail and text messages with Johnson.  They discussed meeting for sex, possibly in exchange for money.  They arranged a meeting, and Johnson was arrested after he arrived at the meeting place.

The State charged Johnson with attempted rape of a child in the second degree, attempted commercial sexual abuse of a minor, and communication with a minor for immoral purposes.  Johnson's defense theory was that he went on Craigslist looking for casual sex with an adult woman and that he had no intention of having sex with a child.  Johnson testified that he believed the posting was an age role-play fetish, and he did not believe the person to be a 13-year-old girl, because Craigslist requires posters to be 18.  The trial court denied Johnson's request to include a jury instruction on the affirmative defense of entrapment.  The jury found Johnson guilty as charged.

Johnson appealed his judgment and sentence to this court.  In that appeal, he argued that the trial court erred by not including an entrapment jury instruction because such an instruction is required when there is any evidence that, if believed by the jury, would support that defense.  *See Johnson*, 12 Wn. App. 2d at 208.  This court disagreed, holding that to obtain a jury instruction there must be substantial evidence in the record supporting the requested instruction.  *Id*.  The court reasoned that Johnson did not show *any* evidence to support an entrapment instruction,

---

[1] This is an abbreviation for "women for men."

because there was no evidence that law enforcement lured or induced him. *Id*. at 209. The Supreme Court granted Johnson's petition for review based on a different issue. *See State v. Johnson*, 197 Wn.2d 740, 487 P.3d 893 (2021). The Supreme Court mandated the case on July 14, 2021.

II.    THE SUPREME COURT ISSUED ITS DECISION IN *ARBOGAST*

Soon thereafter, the Supreme Court addressed the entrapment instructional issue in *State v. Arbogast*, 199 Wn.2d 356, 506 P.3d 1238 (2022). Our Supreme Court held that "generally, affirmative defense instructions are permitted upon a prima facie showing of *some evidence* in support of the defense." *Id*. at 368 (emphasis added). But the *Arbogast* court acknowledged that "[a] handful of cases describe the burden differently." *Id*. at 369. For instance, by stating "that defendants are entitled to an instruction if it is supported by substantial evidence." *Id*. In light of the difference in language, the court stated that it was taking "the opportunity to clarify that regardless of the terms used, the quantum of proof justifying an instruction on a party's theory of the case is some evidence supporting the proposition." *Id*. at 370. The *Arbogast* court was careful to articulate that this was a clarification of a point of confusion in the law, not a change in the law overturning existing precedent. *Id*.

In a footnote, the *Arbogast* opinion mentioned the opinion in Johnson's direct appeal. Essentially, the *Arbogast* opinion describes the substantial evidence standard used in *Johnson* as imprecise, and that the correct articulation of the burden was "some evidence." *Id*. at 373 n.5. The footnote reads:

> The State cites to Division Two's decision in *State v. Johnson*, 12 Wn. App. 2d 201, 460 P.3d 1091 (2020), *aff'd*, 197 Wn.2d 740, 487 P.3d 893 (2021), in support of its contention that a prima facie standard is incorrect. In that case, the Court of Appeals recited the familiar but imprecise test that "to obtain a jury instruction regarding the party's theory of the case, there must be substantial evidence in the record supporting the requested instruction." *Id.* at 208 (citing [*State v. O'Dell*, 183

Wn.2d 680, 687, 358 P.3d 359 (2015)]). To the extent prior cases such as *Johnson* have implied the substantial evidence test demands a heightened evidentiary burden, we clarify that it does not. The test has always been and remains some evidence in support to warrant a requested instruction.

*Id*.

*Arbogast* was decided on March 31, 2022. Johnson filed this personal restraint petition (PRP) on June 15, 2022, in light of *Arbogast* and notably within one year of our Supreme Court's mandate on his direct appeal.[2]

ANALYSIS

Johnson argues that the Supreme Court's decision in *Arbogast* warrants remand of his case for a new trial. We disagree.

I.     RENEWING PREVIOUS ENTRAPMENT ARGUMENT

The PRP is designed to obtain relief from "unlawful restraint." Relief by PRP is granted only if other available remedies are inadequate under the circumstances. RAP 16.4(d). Collateral relief from a conviction is an extraordinary remedy that seeks to disturb a final judgment; therefore, a petitioner must meet a high standard to obtain relief. *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 506, 301 P.3d 450 (2013). Typically, this means a petitioner must show either that they were actually and substantially prejudiced by constitutional error or that their trial suffered from a fundamental defect of a nonconstitutional nature that inherently resulted in a complete miscarriage of justice. *Id*.

A PRP is not an avenue for relitigating issues finally resolved at trial or on direct review. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 670, 101 P.3d 1 (2004). As a general rule, a

---

[2] Washington law provides for a one year statute of limitations in which to challenge a facially valid judgment. RCW 10.73.090(1). The judgment becomes final when it is filed with the court, when the mandate from the direct appeal issues, or when the U.S. Supreme Court denies a petition for certiorari. *See* RCW 10.73.090(3)(b).

personal restraint petitioner may not renew a ground for relief that was raised and rejected on direct appeal unless the interest of justice requires reconsideration on that ground. *In re Pers. Restraint of Knight*, 196 Wn.2d 330, 341, 473 P.3d 663 (2020). The interests of justice allow relitigation of an issue raised on direct appeal if there has been an intervening change in the law or some other justification for not raising a crucial point or argument on direct appeal. *Davis*, 152 Wn.2d at 670-71. The collateral attack should raise new points of fact and law that could not have been raised in the principal action. *Id.* A new issue is not created merely by supporting a previous ground for relief with different factual allegations or with different legal arguments. *In re Pers. Restraint of Jeffries*, 114 Wn.2d 485, 488, 789 P.2d 731 (1990). Likewise, simply "revising" a previously rejected legal argument neither creates a "new" claim nor constitutes good cause to reconsider the original claim. *Id.*

A. We Have Previously Concluded that Johnson Presented *No* Evidence Supporting an Entrapment Instruction.

Johnson argues that our Supreme Court's decision in *Arbogast* entitles him to relief. We disagree.

Assuming without deciding that a new rule was announced by *Arbogast*, Johnson cannot show that use of the imprecise "substantial evidence" standard caused him actual or substantial prejudice or a complete miscarriage of justice as he is required to demonstrate. Indeed, he could not meet the "some evidence" standard articulated in *Arbogast* because, as we have already concluded, he failed to present *any* evidence to support an entrapment instruction. *Johnson*, 12 Wn. App. 2d at 209; *Arbogast*, 199 Wn.2d at 370. In Johnson's last appeal, this court noted that while law enforcement created the posting, Johnson is the one who initiated contact by answering the post. *Johnson*, 12 Wn. App. 2d at 209. Moreover, Johnson testified that no one forced him to answer the post, and Johnson steered the conversation into explicitly sexual territory by graphically

explaining his sexual desires to the purported 13 year old. *Id.* Johnson does not meet the "some evidence" standard, because there is no evidence that law enforcement lured or induced him. Johnson's reliance on *Arbogast* is therefore misplaced and he is not entitled to relief.

## II. JOHNSON REVIVES A PREVIOUSLY REJECTED ARGUMENT

Johnson also impermissibly revives the very argument he made on direct appeal. Such a revival is only permissible if *Arbogast* announced an intervening change in the law that could not have raised previously. *Davis*, 152 Wn.2d 647. As a matter of law, *Arbogast* did not announce a new rule. *See* 199 Wn.2d at 370.

Johnson seeks retroactive application of our Supreme Court's clarification of existing law, which is not grounds for collateral review. Rather, new points of fact and law should be raised that were not or could not have been raised in the principal action. We again note that Johnson unsuccessfully argued for application of the "some evidence" standard in the original action. *See Johnson*, 12 Wn. App. 2d at 208-09. Simply revising a previously rejected legal argument neither creates a new claim nor constitutes good cause to reconsider the original claim. *Jeffries*, 114 Wn.2d at 488.

In his reply, Johnson argues that his case merits review because the Supreme Court specifically cited his case as being wrongly decided. *See Arbogast*, 199 Wn.2d at 373 n.5. But the Supreme Court did not conclude that his case was wrongly decided. Rather, it opined that his was one of several cases where the same burden was described differently. *Id.* at 369-70 ("[a] handful of cases describe the burden differently . . . [s]imply put, our case law has used different terms to articulate the burden of production").

Even assuming without deciding that our earlier *Johnson* opinion used the wrong standard and was wrongly decided as Johnson claims, he still fails to demonstrate that he suffered actual or

substantial prejudice or a complete miscarriage of justice because, back to square one, he presented no evidence justifying an entrapment instruction in the first instance.

We deny the petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Maxa, P.J.

Price, J.