IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

In the Matter of the Personal Restraint of )
                                        )
                                        )      No. 31827-3-III
                                        )
LEWIS A. LAWRENCE, )
                                        )
         Petitioner. )
                                        )      UNPUBLISHED OPINION
                                        )

        KORSMO, J. — An incompetent person may not be tried, convicted, or sentenced as long as the incapacity continues. RCW 10.77.050. Lewis A. Lawrence seeks relief from personal restraint imposed in his 2010 Whitman County convictions of three counts of attempted first degree murder. He contends he was incompetent to stand trial and to represent himself at trial due to his fetal alcohol syndrome disorder (FASD). After this court remanded the matter to superior court for a reference hearing, the superior court entered findings that he suffered from FASD at the time of trial and sentencing, and that this disorder rendered him incompetent to stand trial and to waive counsel. Accordingly, we grant his personal restraint petition, reverse his convictions, and remand for further proceedings.

In March 2009, Mr. Lawrence had a disagreement with two friends over dinner plans and left their apartment.[1] Later, he returned with a shotgun, shot one friend in the face with birdshot, and fired twice into the apartment without injuring the two other people inside. When he was arrested, he told the police he wanted to kill his friends because they were part of a Samoan gang that has threatened his family. These allegations of a Samoan gang threat had no basis in reality.

From the time he was charged, it was apparent that Mr. Lawrence's behavior was unusual. Based on competency evaluations by Eastern State Hospital (Eastern), the trial court initially found him incompetent to stand trial, but later ruled him competent after treatment. Mental health experts variously diagnosed him with psychosis, antisocial personality disorder with narcissistic personality features, and bipolar disorder. Mr. Lawrence requested permission to represent himself. Counsel for both parties again questioned his competence and defense counsel advised the court that Mr. Lawrence's family believes he may have fetal alcohol syndrome. In two successive competency hearings, the trial court first found that he was incompetent and later relied on a new report from Eastern to find him competent. The trial judge, however, denied Mr. Lawrence's request to proceed pro se. Three days later, Mr. Lawrence filed an affidavit

---

[1] A full recitation of the facts of Mr. Lawrence's crimes and the lengthy pretrial and trial proceedings is set out in *State v. Lawrence*, 166 Wn. App. 378, 380-85, 271 P.3d 280, *review denied*, 174 Wn.2d 1009 (2012).

of prejudice against the judge, who recused himself. The new trial judge later accepted Mr. Lawrence's waiver of counsel.

Mr. Lawrence's jury trial was held in April 2010. He represented himself, served as the sole defense witness, and testified that he was on the other side of town robbing six men of their black diamonds at the time of the crimes. The jury convicted him as charged and he represented himself again at sentencing.

On appeal, Mr. Lawrence argued, in part, that the trial court erred in finding that he was competent to stand trial and to represent himself. This court affirmed his judgment and sentence and the Washington Supreme Court denied review. *See State v. Lawrence*, 166 Wn. App. 378, 271 P.3d 280, *review denied*, 174 Wn.2d 1009 (2012). Mr. Lawrence then filed a timely personal restraint petition and submitted a new mental health evaluation of his incompetence due to FASD. The chief judge of this court dismissed his personal restraint petition, concluding that the trial court's competency decision was reasonable under the circumstances. *See* Order, *In re Pers. Restraint of Lawrence*, No. 31827-3-III (Wash. Ct. App. Nov. 4, 2014).

In October 2015, the Washington Supreme Court accepted review of Mr. Lawrence's petition, vacated the order dismissing it, and remanded to this court. *See* Amended Order, *In re Pers. Restraint of Lawrence*, No. 91063-4 (Wash. Sup. Ct. Oct. 12, 2015). The Supreme Court directed this court to transfer the case to the Whitman County

3

Superior Court for a RAP 16.12 reference hearing concerning Mr. Lawrence's competency during trial and sentencing.

On October 26, 2015, we entered an order transferring the personal restraint petition to superior court for a reference hearing, and directed the superior court to enter findings on the following questions:

1.  Did Mr. Lawrence suffer from the effects of FASD at the time of trial and sentencing?

2.  If so, what effects of Mr. Lawrence's reported FASD, if any, would have been relevant to his competency to stand trial?

3.  Taking into consideration any relevant effects of Mr. Lawrence's reported FASD, was he competent to stand trial at the time of trial, conviction and sentencing?

4.  What effects of Mr. Lawrence's reported FASD, if any, would have been relevant to his ability to knowingly and intelligently waive his right to counsel?

5.  Taking into consideration any relevant effects of Mr. Lawrence's reported FASD, did he knowingly and willingly waive his right to counsel at the time of trial, conviction, and sentencing? *See, e.g., In re Rhome*, 172 Wn.2d 654, 260 P.3d 654 (2011).

4

In a March 2016 reference hearing with a new judge, 11 witnesses testified. The judge found that (1) Mr. Lawrence suffered from FASD at the time of his trial, conviction, and sentencing; (2) the FASD, along with bipolar disorder, post-traumatic stress disorder, periods of delusional thinking, and psychotic symptoms, impaired his ability to understand and assist in his defense; (3) he was therefore incompetent at the time of trial, conviction, and sentencing; (4) his pervasive and severe impairments due to FASD and the other disorders—impairments that caused difficulty in relating actions to consequences—interfered with his ability to knowingly and intelligently waive the right to counsel; and (5) he did not knowingly and intelligently waive his right to counsel at the time of his trial, conviction, and sentencing. The State in supplemental briefing to this court does not dispute the superior court's findings and agrees that Mr. Lawrence "has met his burden to show that he was incompetent at the time of trial and did not knowingly waive his right to counsel." Resp't's Supplemental Br. re: Reference Hearing at 4.

To prevail in a personal restraint petition, a petitioner must show that he is unlawfully restrained due to an error of constitutional magnitude that substantially prejudiced him, or due to a fundamental defect of a nonconstitutional nature that caused a complete miscarriage of justice. *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 506, 301 P.3d 450 (2013). Mr. Lawrence's trial and conviction while incompetent and his involuntary waiver of counsel violated his constitutional right to due process. *See State v.*

5

*Heddrick*, 166 Wn.2d 898, 904, 215 P.3d 201 (2009) (incapacity to stand trial); *In re Disciplinary Hrg. against Meade*, 103 Wn.2d 374, 380-81, 693 P.2d 713 (1985) (incompetence to appear pro se). This error substantially prejudiced his defense.

Consequently, we grant his personal restraint petition, reverse his conviction, and remand for further proceedings.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, CJ.

_____
Pennell, J.