# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>MICHAEL WALTER WOOD,<br><br>                         Petitioner. | No. 53316-2-II<br><br><br><br>UNPUBLISHED OPINION |

LEE, C.J. -- Michael Wood seeks relief from personal restraint imposed as a result of his 2016 convictions for four counts of unlawful possession of controlled substances, with three firearm enhancements and four school bus route stop enhancements, and one count of first degree unlawful possession of a firearm.[1] We deny his petition.

To be entitled to relief on a personal restraint petition, a petitioner must show (1) actual and substantial prejudice by a constitutional error or (2) "a fundamental defect of a nonconstitutional nature that inherently resulted in a complete miscarriage of justice." *In re Pers.*

---

[1] We issued the mandate of Wood's direct appeal on May 10, 2018, making his December 2018 petition and April 2019 supplement timely filed. RCW 10.73.090(3)(b). Wood filed his petition with the Washington Supreme Court, which transferred it to us under RAP 16.5. We then granted Wood permission to supplement his petition.

No. 53316-2-II

*Restraint of Finstad*, 177 Wn.2d 501, 506, 301 P.3d 450 (2013). Wood makes five arguments to support his claim for relief.

A.    SUFFICIENCY OF THE EVIDENCE

First, Wood argues that the State did not present sufficient evidence to establish, for purposes of the firearm enhancements, that he was armed with a firearm that was found on his bed and within four feet of the controlled substances in his bedroom.

Evidence is sufficient to support a conviction if, viewing the evidence in the light most favorable to the State, any rational trier of fact can find the essential elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). All reasonable inferences from the evidence are drawn in favor of the State and interpreted most strongly against the defendant. *Salinas*, 119 Wn.2d at 201. A claim of insufficiency of the evidence "admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Salinas*, 119 Wn.2d at 201. Circumstantial and direct evidence are equally reliable. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). "Credibility determinations are for the trier of fact and cannot be reviewed on appeal." *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

Wood concedes that he was in constructive possession of the firearm, but he contends that the State failed to prove a nexus between the firearm, the controlled substances, and himself. As our Supreme Court recently stated in *State v. Sassen Van Elsloo*, 191 Wn.2d 798, 826-27, 425 P.3d 807 (2018),

> [C]onstructive possession of a weapon at the scene of a crime is, by itself, insufficient to show that the defendant was armed for the purpose of a firearm enhancement. *State v. Barnes*, 153 Wn.2d 378, 383, 103 P.3d 1219 (2005); [*State v.*] *Schelin*, 147 Wn.2d [562,] 563-64, 55 P.3d 632 [2002]; *State v. Gurske*, 155 Wn.2d 134, 138, 118 P.3d 333 (2005). Rather, for a person to be armed during the commission of a crime, the weapon must be easily accessible and readily available

2

for use for either offensive or defensive purposes. *Barnes*, l53 Wn.2d at 383; *Gurske*, 155 Wn.2d at 137; *State v. Murillo Valdobinos*, 122 Wn.2d 270, 282, 858 P.2d 199 (1993). A defendant "does not have to be armed at the moment of arrest to be armed for purposes of the firearms enhancement," and the State "need not establish with mathematical precision the specific time and place that a weapon was readily available and easily accessible, so long as it was at the time of the crime." *State v. O'Neal*, 159 Wn.2d 500, 504-05, 150 P.3d 1121 (2007).

In addition to proving that a weapon was readily available and easily accessible at the time of the crime, the State must offer sufficient evidence that there existed a nexus between [the defendant], the gun, and the commission of the drug crimes. The requirement of a nexus between the defendant, the weapon, and the crime "serves to place 'parameters . . . on the determination of when a defendant is armed, especially in the instance of a continuing crime such as constructive possession' of drugs." *Gurske*, 155 Wn.2d at 140 (alteration in original) (quoting *Schelin*, 147 Wn.2d at 568). . . . To determine whether there was a nexus between the defendant, the weapon, and the crime, the court looks at the nature of the crime, the type of weapon, and the circumstances under which it was found. *Schelin*, 147 Wn.2d at 570.

Here, the State presented sufficient evidence of the nexus between the firearm, the drugs, and Wood. The firearm, ammunition, and controlled substances were found in the bedroom where Wood told the police they would find them. The firearms and ammunition were found in close proximity to each other and readily available for use. The controlled substances were found with related packaging, records, and equipment used in selling controlled substances. Wood had previously been convicted of delivery of controlled substances while armed with a firearm. These facts allow for the reasonable inference that the firearm and ammunition were kept in close proximity to the controlled substances in order to be readily available for use for defensive purposes during the use, packaging, or distribution of the controlled substances.

Although Wood was not present in the bedroom when the firearm and the controlled substances were seized, where a defendant has constructive possession of the firearm, as Wood did, his lack of presence in the bedroom does not destroy the nexus between the firearm, the

controlled substances, and Wood. *Gurske*, 155 Wn.2d at 138; *Schelin*, 147 Wn.2d at 563-64. Because there is a reasonable inference that Wood maintained the firearm in close proximity to the drugs in order to have it readily available for defensive use when using or handling the drugs, there was sufficient evidence to support finding that Wood was armed with a firearm. Accordingly, the firearm enhancements are supported by substantial evidence.

B.      INEFFECTIVE ASSISTANCE OF COUNSEL

Second, Wood argues that his trial counsel provided ineffective assistance regarding a plea offer. Wood had moved under CrR 3.6 to suppress the evidence seized from his bedroom under the warrant. The trial court denied his motion. His counsel then sent him the following letter:

> The prosecuting attorney has offered a plea bargain for your consideration. It requires you to plead guilty to one count of possession with intent, unlawful possession of a firearm, and a single gun enhancement. She will dismiss all other charges and recommend 136 months to be ran concurrently. If you accept the plea, you will lose your right to appeal the judge's ruling at the 3.6 hearing. I believe her ruling was in error and the court of appeals will likely agree. You stand a really good chance of beating this. If, however, you go to trial and lose, you face a potential of 50 years in prison. Because you do not have presentable clothing for trial, I'm going to recommend you consider a bench trial as opposed to a jury trial.
> We've got this!

Pet., App. A at 1. Wood elected to go to trial. He was convicted on all counts and was sentenced to 40 years. And on appeal, we affirmed the denial of the suppression motion. *State v. Wood*, noted at 1 Wn. App. 2d 1052 (2017), *review denied*, 190 Wn.2d 1013 (2018). Wood now argues that this advice constitutes ineffective assistance of counsel.

To establish ineffective assistance of counsel, Wood must show that his counsel's advice fell below an objective standard of reasonableness and that as a result of that deficient performance, the result of his case probably would have been different. *State v. McFarland*, 127 Wn.2d 322, 335-36, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80

L. Ed. 2d 674 (1984). This court presumes strongly that trial counsel's performance was reasonable. *State v. Grier*, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011). Counsel must communicate plea offers with their clients and provide sufficient information for the client to make an informed decision. *In re Pers. Restraint of McCready*, 100 Wn. App. 259, 263, 996 P.2d 658 (2000).

Here, Wood was informed of the potential benefits of pleading guilty and the potential costs of going to trial. While his counsel may have been overly enthusiastic about the outcome of an appeal, counsel's actions did not fall below an objective standard of reasonableness. Therefore, Wood does not show ineffective assistance of trial counsel.

C.    MOTION TO SUPPRESS

Third, Wood argues at length that the trial court erred in denying his motion to suppress because it did not properly apply the nexus test contained in *State v. Thein*, 138 Wn.2d 133, 147-49, 977 P.2d 582 (1999). But these arguments were rejected in his direct appeal. Unless he shows that the interests of justice require it, he cannot raise these arguments again in this petition. *In re Pers. Restraint of Lord*, 123 Wn.2d 296, 303, 868 P.2d 835 (1994). Wood makes no such showing.

D.    SEARCH WARRANT

Fourth, Wood argues that the search warrant affidavit contains false information. He contends that the affidavit falsely states that the controlled buy occurred before the suspicious activity reported in the affidavit. But the affidavit recounts surveillance before the controlled buy, and there is no evidence that shows otherwise.

E.    INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Finally, Wood argues that he received ineffective assistance from appellate counsel when counsel did not raise the issues he raises in this petition. But his appellate counsel did raise the

suppression argument, albeit unsuccessfully. And Wood's other issues lack merit. Wood does not demonstrate ineffective assistance of appellate counsel.

Wood does not show that he is entitled to relief from restraint. Therefore, we deny Wood's petition and his request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____ , C.J.
LEE, C.J.

We concur:

_____
WORSWICK, J.

_____
MAXA, J.