[No. 81110-5.   En Banc.]
Argued September 25, 2008.   Decided November 26, 2008.

*In the Matter of the Personal Restraint of* DOUGLAS JOHN MARTIN TOBIN, *Petitioner.*

*Susan M. Gasch* (of *Gasch Law Office*), for petitioner.

*Gerald A. Horne, Prosecuting Attorney,* and *Alicia M. Burton* and *Michelle Luna-Green, Deputies,* for respondent.

¶1 OWENS, J. — Douglas Tobin challenges his sentence for unlawful possession of a firearm because (1) the court included unranked fish and wildlife violations in his offender score and (2) the total months of confinement ordered exceeded the maximum statutory sentence. The Court of Appeals denied Tobin's personal restraint petition, and this court granted discretionary review.

¶2 We hold that (1) the trial court properly included Tobin's fish and wildlife felonies in his offender score and (2) the trial court erred in listing the total months of confinement ordered as 168 months rather than 116 months. We remand for correction of the error.

## FACTS

¶3 Tobin pleaded guilty to first degree unlawful possession of a firearm, a class B felony. As part of a negotiated plea agreement, Tobin also pleaded guilty to a number of other crimes, including first degree theft and 35 fish and wildlife class C felonies. On the firearm charge, the court calculated an offender score of 38 based on three prior felonies and the 35 fish and wildlife felonies. The standard

sentencing range for the firearm charge with an offender score of nine or more is 87 to 116 months with a maximum of 10 years. RCW 9.94A.510; RCW 9A.20.021(1)(b). The trial judge sentenced Tobin to 116 months on the firearm charge and 52 months on the theft charge (for a total 168-month sentence) but mistakenly entered 168 months as the total months of confinement ordered for just the firearm charge.

¶4 Tobin filed a personal restraint petition alleging that (1) the trial court erred in including the fish and wildlife violations in the offender score because they were unranked and (2) the sentence was facially invalid because the 168 months of confinement ordered exceeded the statutory maximum.[1] The Court of Appeals dismissed the petition as time barred, holding that the court did not err in including the unranked crimes in the offender score and that the error in the sentencing documentation did not make the sentence facially invalid. This court granted discretionary review.

## ANALYSIS

### Unranked Crimes and Offender Scores

¶5 Tobin alleges that it was improper to include his 35 fish and wildlife felonies in the offender score for his firearm charge. However, the offender score statute explicitly provides for the inclusion of class A, B, and C felonies. RCW 9.94A.525(2)(a)-(c). Here, all 35 of the fish and wildlife convictions included in petitioner's offender score for the firearm charge are class C felonies and were appropriately included. RCW 77.15.260(3)(b), .550(3)(b), .620(3).

### Error in Sentencing Documentation

¶6 A court may not order a sentence beyond that authorized by law. *In re Pers. Restraint of Carle*, 93 Wn.2d

---

[1] Tobin makes three additional claims that were not brought before the Court of Appeals. This court will not consider issues that were not raised in the Court of Appeals. *In re Pers. Restraint of Lord*, 152 Wn.2d 182, 188 n.5, 94 P.3d 952 (2004). Therefore, we decline to address these new claims.

31, 33, 604 P.2d 1293 (1980). Any such order is invalid on its face. *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 866-67, 50 P.3d 618 (2002). Here, the sentence for the firearm charge is 116 months, yet the total months of confinement ordered is 168. The total exceeds the high end of the sentencing range, 116 months, *see* RCW 9.94A.510, and the statutory maximum, 120 months, *see* RCW 9A.20.021(1)(b). The State concedes that the judgment and sentence is in error. Suppl. Br. of Resp't at 4. We hold that the sentence is invalid on its face.[2]

¶7 When a judgment and sentence is facially invalid, the proper remedy is remand for correction of the error. *Goodwin*, 146 Wn.2d at 877; *In re Pers. Restraint of West*, 154 Wn.2d 204, 215, 110 P.3d 1122 (2005). Here, the context indicates that the intended sentences were within statutory bounds—116 months for the firearm charge and 52 months for the theft charge, for a total of 168 months. The trial court erred by listing the total months of confinement for the two cases on the line meant to indicate the total months of confinement for just one case. We remand for correction of the error.

## CONCLUSION

¶8 We hold that the trial court properly included Tobin's 35 fish and wildlife felonies in the calculation of his offender score. We also hold that Tobin's sentence is facially invalid because the total months of confinement ordered exceeds the statutory limit. The total months of confinement ordered for the firearm charge should be listed as 116 months, not 168. We remand to the trial court for correction of the error.

ALEXANDER, C.J., and C. JOHNSON, MADSEN, SANDERS, CHAMBERS, FAIRHURST, J.M. JOHNSON, and STEPHENS, JJ., concur.

---

[2] Because we hold that the judgment and sentence is not valid on its face, Tobin's petition is not time barred under RCW 10.73.090(1).