218 P.3d 638 (2009)
In the Matter of the PERSONAL RESTRAINT OF Salvador Hernandez RIVERA, Petitioner.
No. 61835-1-I.
Court of Appeals of Washington, Division 1.
October 19, 2009.
*639 Nancy P. Collins, Washington Appellate Project, Seattle, WA, for Petitioner.
David Stuart McEachran, Hilary A. Thomas, Whatcom County Prosecutors Office, Bellingham, WA, for Respondent.

PUBLISHED OPINION
GROSSE, J.
¶ 1 A trial court does not exceed its authority by imposing a firearm enhancement when the jury returns a special verdict making a deadly weapon finding if the firearm enhancement was properly charged and the fact that a firearm was used is necessarily reflected in the jury's general verdict of guilt.
¶ 2 Rivera challenges the judgment and sentence in a personal restraint petition contending that it is facially invalid because the firearm enhancement was not authorized by the jury's special verdict making a deadly weapon finding. Because the judgment and sentence properly cited the firearm enhancement statute, Rivera fails to show that the judgment and sentence was invalid on its face. But even looking beyond the face of the judgment and sentence, Rivera fails to establish that it is invalid. The firearm enhancement was authorized in law because the information provided notice of the enhancement and the jury's general verdict that Rivera was guilty of a shooting necessarily supported a finding that he used a firearm. Accordingly, we deny the personal restraint petition.

FACTS
¶ 3 The State charged Salvador Rivera with first degree murder while armed with a deadly weapon. The information alleged:

MURDER IN THE FIRST DEGREE, COUNT I: That the defendants, SALVADOR HERNANDEZ RIVERA AND JOSE MANUEL RIVERA-HERNANDEZ, and each of them, then and there being in said county and state, on or about the 20th day of March, 1998, with premeditated intent to cause the death of another person, did shoot Matthew Garza, thereby causing the death of Mr. Garza, a human being, in violation of RCW 9A.32.030(1)(a), which violation is a Class "A" Felony, and during the course or commission of said *640 crime, the defendants or one of them was armed with a deadly weapon, to-wit: a .22 caliber handgun, for the purposes of the deadly weapon enhancement of RCW 9.94A.125 and 9.94A.310(3)(a).
The jury was instructed that, in order to convict Rivera, the State had to prove beyond a reasonable doubt "[t]hat on or about the 20th day of March 1998, Salvador Hernandez Rivera shot Matthew Garza." The jury was also given a special verdict instruction stating:
For purposes of a special verdict the State must prove beyond a reasonable doubt that the defendant was armed with a deadly weapon at the time of the commission of the crime.
A pistol, revolver, or any other firearm is a deadly weapon whether loaded or unloaded.
¶ 4 The jury found Rivera guilty as charged and returned a special verdict finding that he was "armed with a deadly weapon at the time of the commission of the crime." The trial court sentenced Rivera to 333 months confinement and imposed an additional 60 months based on the jury's deadly weapon finding.
¶ 5 Rivera appealed and this court affirmed his conviction;[1] the mandate was issued on May 17, 2002. He then filed a personal restraint petition, which was dismissed on October 6, 2003. Following the State Supreme Court's denial of Rivera's motion for discretionary review and subsequent motion to modify, this court issued a certificate of finality on May 28, 2004.
¶ 6 On June 4, 2008, Rivera filed the current petition as a CrR 7.8 motion in Whatcom County Superior Court. On June 5, 2008, the superior court denied the motion as untimely and transferred the motion to this court to be considered as a personal restraint petition. On January 21, 2009, this court appointed counsel and ordered that the petition be referred to a panel of judges for a determination on the merits, finding that the petition raised "a legitimate issue of whether petitioner is entitled to relief from his enhanced sentence under State v. Recuenco, 163 Wash.2d 428, 180 P.3d 1276 (2008)." Supplemental briefing was then submitted. As of the time of the briefing, Rivera remained incarcerated on this charge.

ANALYSIS
¶ 7 Rivera's personal restraint petition attacks the validity of the judgment and sentence, contending that the trial court unlawfully imposed the 60-month term of confinement for a deadly weapon enhancement because the statute limits deadly weapon enhancements to 24 months and, accordingly, under our State Supreme Court's recent decision in State v. Recuenco[2] (Recuenco III), reversal is required. The State responds that Rivera's petition should be dismissed as untimely because it was filed well over a year after his sentence was final and he fails to show it is invalid on its face. We agree.
¶ 8 RCW 10.73.090 limits the time for filing a personal restraint petition:
No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.
A sentence that is not authorized by law is invalid on its face.[3] Rivera filed this petition four years after his judgment and sentence became final on May 28, 2004, but contends that it is not time barred because, under Recuenco III, the sentence was not authorized in law and is therefore invalid on its face.
¶ 9 The court's findings in the judgment and sentence state: "The defendant was found guilty on October 13, 1998, by jury verdict of murder in the first degree (while armed with a deadly weapon)," citing RCW *641 9.94A.125 and RCW 9.94A.310(3)(a).[4] The judgment and sentence also lists the term of confinement as "333 ± 60 months," with a handwritten notation stating: "for deadly weapon." While the judgment and sentence's use of the deadly weapon language is confusing, this does not render the judgment and sentence facially invalid because it cites the correct statutory authority for the five-year firearm enhancement.
¶ 10 Former RCW 9.94A.310(3)(a) (1998) authorized the five-year enhancement if the offender was armed with a firearm.[5] The other statute cited, former RCW 9.94A.125 (1998), did not authorize the 24-month deadly weapon enhancement; it only authorized the entry of a deadly weapon special verdict and defined deadly weapon to include any "pistol, revolver, or any other firearm."[6] And in Recuenco III the court specifically recognized that this statute provides a basis for a procedure by which a jury could make a firearm finding by special verdict.[7] Thus, on its face, the firearm enhancement was authorized in law and Rivera fails to show that the judgment and sentence is otherwise facially invalid. His personal restraint petition is therefore time barred and, accordingly, dismissed.
¶ 11 But even if we were to look beyond the face of the judgment and sentence, Rivera fails to show that it is invalid. We need look no further than the information, which shows that the firearm enhancement was charged. As was the case with the judgment and sentence, the information used confusing deadly weapon language but cited the specific statute authorizing the firearm enhancement. The information alleged that, during the commission of the crime, Rivera "was armed with a deadly weapon, to-wit: a.22 caliber handgun, for the purposes of the deadly weapon enhancement of RCW 9.94A.125 and 9.94A.310(3)(a)," the same statutes cited in the judgment and sentence. As discussed above, citing to this statute does not establish that the State sought only a deadly weapon enhancement; the statute defined deadly weapons to include firearms and, since there is no comparable statute specifically authorizing a firearm special verdict, it provided a basis for the jury's firearm special verdict. Thus, because it was charged in the information, the trial court did not exceed its authority by imposing the firearm enhancement.
¶ 12 Rivera's reliance on Recuenco III is misplaced. In Recuenco III, the court held that the trial court's imposition of a firearm enhancement based on a special verdict finding of a deadly weapon was a sentencing error that was not subject to harmless error analysis.[8] There, the defendant was charged with second degree assault for threatening his wife with a handgun, and the information, jury instructions, and special verdict form included only a deadly weapon allegation, not a firearm allegation.[9] But at sentencing, the trial court imposed the 36-month firearm enhancement rather than the 12-month deadly weapon enhancement authorized by the statute in effect at the time.[10]
*642 ¶ 13 This court affirmed, holding that any possible error was harmless because the only weapon mentioned at any stage of the proceedings was a firearm.[11] Our State Supreme Court reversed, holding that imposing the firearm enhancement without a firearm finding by the jury violated Recuenco's Blakely[12] Sixth Amendment rights and that the federal constitution prohibited harmless error analysis of Blakely Sixth Amendment violations because they were structural errors.[13] The United States Supreme Court reversed, holding that under federal law the failure to submit a sentencing factor to the jury is not a structural error and is therefore subject to harmless error analysis.[14] But the United States Supreme Court also remanded for our State Supreme Court to consider whether the failure to submit a sentencing factor to the jury is subject to harmless error analysis under Washington law.[15]
¶ 14 On remand, in Recuenco III, the court concluded that, under Washington law, harmless error analysis does not apply when the trial court imposes a sentence not authorized by the jury's finding.[16] The court did not analyze it as a Blakely error, but recast it as sentencing error that was not subject to harmless error analysis. The court explained that, because the firearm allegation was never charged or submitted to the jury, there was nothing erroneous about the jury's deadly weapon finding.[17] Rather, "it was not until Recuenco was sentenced for an enhancement that was neither charged nor found by the jury that any error had occurred at all."[18] Thus, the court concluded, "it can never be harmless to sentence someone for a crime not charged, not sought at trial, and not found by a jury."[19]
¶ 15 There, the information did not include any specific reference to the firearm enhancement and, in fact, the prosecutor expressly informed the court that the State was alleging use of a deadly weapon, not a firearm.[20] The information cited former RCW 9.94A.310 generally and did not include the subsection that identified whether the enhancement was a firearm enhancement or a deadly weapon enhancement.[21] Additionally, Recuenco's conviction did not necessarily require that the jury find that he used a firearm in the commission of the crime, i.e., that the handgun used was in fact operable.[22] Because Recuenco's second degree assault conviction was based on a threat with a handgun, the State did not need to prove that the handgun used was operable, just that it was used to threaten.[23] Thus, the facts given to the jury there did not support a firearm enhancement finding.
¶ 16 But here, the information provided notice of the firearm enhancement and the jury's general verdict necessarily supported the firearm enhancement. As discussed above, the information cited the specific statute authorizing the firearm enhancement. Additionally, unlike in Recuenco III, the jury here was given facts supporting the firearm enhancement and its verdict necessarily supports a finding that Rivera was armed with a firearm because Rivera was charged with *643 murder based on a shooting. The "to convict" instruction required the jury to find beyond a reasonable doubt that Rivera "shot Matthew Garza," and the only deadly weapon alleged to be involved was a handgun. Thus, the jury's general verdict finding guilt on the murder charge together with its finding that the crime was committed with a deadly weapon necessarily supports a finding that the handgun used in the shooting was in fact operable and a firearm. Thus, the trial court here did not exceed its authority and sentence someone for a crime not charged, not sought at trial, and not found by a jury, and Recuenco III does not apply.
¶ 17 Rather, the trial court's error was the failure to instruct the jury on the firearm allegation, which is akin to the omission of an element in the jury instructions and is subject to harmless error analysis.[24] Because no other weapon was involved and Rivera was charged with shooting the victim with a handgun, the jury's special verdict that Rivera was armed with a deadly weapon can mean only one thing-that he was armed with an operable gun, i.e., a firearm. Thus, the failure to instruct the jury on the firearm allegation was harmless and it does not render the judgment and sentence invalid on its face, as Rivera claims.
¶ 18 The cases upon which Rivera relies are distinguishable. In In re Personal Restraint of Delgado, Division II applied Recuenco III to vacate a firearm enhancement where the jury returned a deadly weapon special verdict.[25] But, unlike here, there the information cited the penalty enhancement statute generally without including the specific statute authorizing firearm enhancement.[26] In In re Personal Restraint of Scott, the charge did not involve a shooting, but an attempted robbery charge alleging that the defendant used a rifle to threaten to kill victims.[27] Thus, unlike Rivera's case, it did not necessarily require proof that the handgun was operable.
¶ 19 We acknowledge that some cases have held that the enhancements were not authorized by the jury's verdict and automatically apply Recuenco III to find no harmless error even though they involved convictions based on the shooting of the gun alleged to be the deadly weapon.[28] We decline to follow this reasoning because it ignores the inescapable fact that the firearm enhancement was necessarily reflected in the jury's general verdict.
¶ 20 We need not reach the State's alternative argument that Recuenco III cannot apply retroactively here. Because the trial court did not exceed its authority by imposing the firearm enhancement, there was no sentencing error here. Thus, Recuenco III's harmless error holding does not apply, retroactively or otherwise.
*644 ¶ 21 The personal restraint petition is denied.
WE CONCUR: DWYER, A.C.J., and COX, J.
NOTES
[1] State v. Rivera, 108 Wash.App. 645, 32 P.3d 292 (2001), review denied, 146 Wash.2d 1006, 45 P.3d 551 (2002).
[2] 163 Wash.2d 428, 180 P.3d 1276 (2008).
[3] In re Pers. Restraint of Tobin, 165 Wash.2d 172, 175-76, 196 P.3d 670 (2008).
[4] As Rivera notes, the judgment and sentence included an additional "a" in its citation to RCW 9.94A.310(3)(a), citing it as "9.94A.310(3)(a)a." But this is clearly a typographical error that should be disregarded, not a citation to a nonexistent statute, as Rivera claims.
[5] Specifically, the statute provides:

(3) The following additional times shall be added to the presumptive sentence ... if the offender or an accomplice was armed with a firearm....
(a) Five years for any felony defined under any law as a class A felony ...
[6] Former RCW 9.94A.125. A different subsection of former RCW 9.94A.310 provides for the deadly weapon enhancement of 24 months:

(4) The following additional times shall be added to the presumptive sentence ... if the offender or accomplice was armed with a deadly weapon ... other than a firearm....
(a) Two years for any felony defined under any law as a class A felony.
[7] Recuenco III, 163 Wash.2d at 439, 180 P.3d 1276 (noting that "[f]ormer RCW 9.94A.125 expressly directs that the jury be asked by special verdict whether a defendant was armed with a deadly weapon and includes firearms within the definition of `deadly weapon.'").
[8] 163 Wash.2d at 431, 180 P.3d 1276.
[9] 163 Wash.2d at 431-32, 180 P.3d 1276.
[10] 163 Wash.2d at 432, 180 P.3d 1276.
[11] State v. Recuenco, noted at 117 Wash.App. 1079, 2003 WL 21738927, at *5 (2003).
[12] Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
[13] State v. Hughes, 154 Wash.2d 118, 142-43, 110 P.3d 192.
[14] Washington v. Recuenco, 548 U.S. 212, 222, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006) (Recuenco II).
[15] 548 U.S. at 218, 126 S.Ct. 2546.
[16] 163 Wash.2d at 441-42, 180 P.3d 1276.
[17] 163 Wash.2d at 436, 180 P.3d 1276.
[18] 163 Wash.2d at 436, 180 P.3d 1276.
[19] 163 Wash.2d at 442, 180 P.3d 1276.
[20] 163 Wash.2d at 437-38, 180 P.3d 1276.
[21] 163 Wash.2d at 431, 180 P.3d 1276.
[22] Firearm is defined as "a weapon or device from which a projectile or projectiles may be fired by an explosive such as gunpowder," RCW 9.41.010, WPIC 2.10.01 (Supp.2005), and our courts have held that there must be sufficient evidence to find a firearm operable to uphold a firearm enhancement. State v. Pam, 98 Wash.2d 748, 754-55, 659 P.2d 454 (1983), overruled in part on other grounds by State v. Brown, 111 Wash.2d 124, 761 P.2d 588 (1988).
[23] 163 Wash.2d at 431, 180 P.3d 1276.
[24] See State v. Brown, 147 Wash.2d 330, 344, 58 P.3d 889 (2002) (jury instruction that omits or misstates an element of a crime may be harmless if, from the record, it appears beyond a reasonable doubt that the error did not contribute to the verdict.); State v. Johnston, 156 Wash.2d 355, 364, 127 P.3d 707 (2006) (instructional error involving the elements of a crime may be harmless error).
[25] 149 Wash.App. 223, 204 P.3d 936 (2009).
[26] 149 Wash.App. at 229, 204 P.3d 936. See also State v. Bainard, 148 Wash.App. 93, 199 P.3d 460 (2009) (applying Recuenco III to vacate firearm enhancement where information charged defendant with notice to seek enhancement under deadly weapon enhancements provisions, not firearm enhancement provision), review granted, 166 Wash.2d 1010, 210 P.3d 1018 (2009).
[27] 149 Wash.App. 213, 216, 202 P.3d 985 (2009).
[28] See Delgado, 149 Wash.App. at 237, 204 P.3d 936 (attempted murder and first degree assault convictions based on shooting; court concluded that because the jury did not find that the defendants were armed with operable firearms, "the sentencing court exceeded its authority by entering a sentence that does not reflect the jury's findings."); Bainard, 148 Wash.App. at 104, 199 P.3d 460 (murder conviction based on shooting with a shotgun; court concluded that there was no jury determination that the defendant was armed with a firearm because the instructions and special verdict addressed only the deadly weapon allegation); State v. Williams, 147 Wash. App. 479, 484-85, 195 P.3d 578 (2008) (convictions for first degree robbery and felony murder based on shooting of robbery victim; court concluded that the jury "did not make the factual determinations necessary to impose firearm enhancements," where the State properly charged the firearm enhancements but the jury was instructed only on the deadly weapon enhancements).