IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 81994-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GEORGE DONALD HATT, JR., | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — George Hatt challenges his judgment and sentence, arguing that the trial court erred by failing to accurately state the required mandatory minimum term for his first degree murder conviction with a firearm enhancement. Hatt also contends that the court erred in noting his two prior California felony convictions on his judgment and sentence as class B felonies for "comparability" purposes. Because Hatt's judgment and sentence accurately states the required terms of confinement, it is not facially invalid. Because the State concedes that one of Hatt's prior California convictions was incorrectly included on his judgment and sentence as a class B rather than a class C felony for comparability purposes, we accept the State's concession that remand is appropriate for resentencing.

## FACTS

In 2017, a jury found George Hatt guilty of first degree murder, second degree unlawful possession of a firearm, possession of an unlawful firearm, and one count of tampering with physical evidence.[1] The jury also found that Hatt was armed with a firearm when he committed the murder.[2]

That July, based upon an offender score of 4, the trial court sentenced Hatt to a total term of 434 months of confinement. Hatt appealed his convictions to this court. This court affirmed Hatt's convictions but remanded for resentencing for the trial court to recalculate Hatt's offender score because his two firearm convictions constituted the "same criminal conduct" and to strike the criminal filing fee.[3]

On September 11, 2020, the trial court resentenced Hatt based upon an offender score of 3. That same day, the court entered an amended judgment and sentence. The amended judgment and sentence noted that his conviction for first degree murder contained a "mandatory minimum term of 300 months" of confinement which included a mandatory term of 60 months for the firearm enhancement.[4] His amended judgment and sentence also included his two prior

---

[1] State v. Hatt, 11 Wn. App. 2d 113, 127, 452 P.3d 577 (2019), review denied, 195 Wn.2d 1011, 460 P.3d 176 (2020), cert. denied, 141 S. Ct. 345, 208 L. Ed. 2d 80 (2020).

[2] Id.

[3] Id. at 141-45.

[4] Clerk's Papers (CP) at 41.

California felony convictions that had not "washed out."[5]  The court resentenced Hatt to the high end of the standard range, 421 months.

Hatt appeals his sentence.

ANALYSIS

Hatt contends that the trial court exceeded its "statutory authority" in imposing the "mandatory minimum sentence" for first degree murder and therefore, his "judgment and sentence [is] facially invalid."[6]

As a general rule, we do not review the length of a standard range criminal sentence imposed by a trial court.[7]  But we can review a trial court's "underlying legal conclusions and determinations" in imposing a sentence for an abuse of discretion.[8]  A trial court abuses its discretion if its decision is based on untenable grounds or untenable reasons.[9]

A sentence is facially invalid if it is unauthorized by law.[10]  Under the "mandatory minimum terms" statute, RCW 9.94A.540, "An offender convicted of the crime of murder in the first degree shall be sentenced to a term of total confinement not less than twenty years [or 240 months]."[11]  And a firearm

---

[5] Hatt's prior convictions include eleven felonies, but all of them except for two had washed out for purposes of calculating his offender score.

[6] Appellant's Br. at 7, 10.

[7] State v. Williams, 149 Wn.2d 143, 146, 65 P.3d 1214 (2003).

[8] Id. at 147.

[9] State v. Vaughn, 83 Wn. App. 669, 681, 924 P.2d 27 (1996).

[10] In re Pers. Restraint of Rivera, 152 Wn. App. 794, 799, 218 P.3d 638 (2009), aff'd sub nom. In re Jackson, 175 Wn.2d 155, 283 P.3d 1089 (2012); In re Pers. Restraint of Tobin, 165 Wn.2d 172, 175-76, 196 P.3d 670 (2008).

[11] RCW 9.94A.540(1)(a).

enhancement for first degree murder, a class A felony, adds a five-year (60 month) mandatory term.[12]

Here, Hatt's judgment and sentence provides that his "confinement time" for his conviction of first degree murder includes a "mandatory minimum term of 300 months."[13] His judgment and sentence also notes that included in the "mandatory minimum term of 300 months" is 60 months of confinement for the firearm enhancement.[14] Therefore, the total minimum term of confinement the court could impose was 300 months. Because Hatt's judgment and sentence properly provides the mandatory minimum term of confinement on his first degree murder conviction together with the mandatory term of confinement for the firearm enhancement, Hatt's judgment and sentence is not facially invalid.

Hatt argues that the language on his judgment and sentence is misleading because it could be interpreted as "a sentence of what de facto amounts to a mandatory minimum term of 360 months, which exceeds the trial court's sentencing authority."[15] And Hatt contends that if his judgment was interpreted as imposing a minimum term of 360 months, it would affect his ability to obtain earned early release.[16] But even if the language on a defendant's judgment and sentence is "confusing," that alone does not "render the judgment and sentence

---

[12] RCW 9.94A.533(3)(a), (e).

[13] CP at 41.

[14] Id.

[15] Appellant's Br. at 8.

[16] See also State v. Conley, 121 Wn. App. 280, 286, 87 P.3d 1221 (2004).

facially invalid."[17]  Here, the language describing the mandatory minimum term is accurate and not misleading.  Hatt's argument is not compelling.[18]

Hatt also argues that his offender score was "incorrectly calculated," which rendered his "judgment and sentence facially invalid."[19]  We review a trial court's calculation of a defendant's offender score de novo.[20]

A defendant's offender score "is the sum of points accrued as a result of prior convictions."[21]  Convictions for out-of-state offenses can be included in a defendant's offender score where there is a comparable offense provided by Washington law.[22]  Washington uses a "two-part test for comparing foreign

---

[17] See In re Pers. Restraint of Rivera, 152 Wn. App. 794, 800, 218 P.3d 638 (2009) ("The judgment and sentence also lists the term of confinement as 333 ± 60 months, with a handwritten notation stating: 'for deadly weapon.'  While the judgment and sentence's use of the deadly weapon language is confusing, this does not render the judgment and sentence facially invalid because it cites the correct statutory authority for the five-year firearm enhancement."), aff'd sub nom. In re Jackson, 175 Wn.2d 155, 283 P.3d 1089 (2012).

[18] In a related argument, Hatt contends that his judgment and sentence erroneously includes a 2003 California conviction for simple possession, which is a "void offense" under State v. Blake, 197 Wn.2d 170, 481 P.3d 521 (2021).  Hatt acknowledges the California conviction for simple possession was not included in his offender score but focuses upon the separate obligation of the prosecutor to prove and the court to determine the defendant's criminal history.  But section 2.2 of Hatt's judgment and sentence determining his criminal history does not include his 2003 California conviction for simple possession.  Rather, it is only included in a document attached to his judgment and sentence titled "Prosecutor's Understanding of Defendant's Criminal History."  Compare CP at 38 with CP at 51.  Because Hatt's simple possession conviction was not included in the court's pronouncement of his criminal history in his actual judgment and sentence, we need not address the impact of Blake on "comparability."

[19] Appellant's Br. at 10.

[20] State v. Rivers, 130 Wn. App. 689, 699, 128 P.3d 608 (2005).

[21] State v. Olsen, 180 Wn.2d 468, 472, 325 P.3d 187 (2014) (citing RCW 9.94A.525).

[22] Id.

convictions."[23]  First, under the legal prong, the court compares the elements of the Washington crime with the elements of the out-of-state crime.[24]  "If the foreign conviction is identical or narrower than the Washington statute . . . the foreign conviction counts toward the offender score."[25]  Second, if the court determines that the out-of-state crime is broader than the Washington crime, the court determines under the factual prong "whether the defendant's conduct would have violated the comparable Washington statute."[26]  The State bears the burden of proving a comparable offense for all out-of-state convictions.[27]

Here, at sentencing in 2017, the State noted that only two of Hatt's prior California felony convictions could count toward his offender score because the others had washed out.  At the hearing, the State argued that Hatt's 1991 conviction for "sale in lieu of a controlled substance" and his 2001 conviction for "possession of [a] firearm" were both class B felonies for comparability purposes.[28]  And the court appeared to accept the State's contention that both Hatt's 1991 and 2001 California convictions were class B felonies.[29]

The State concedes that Hatt's 1991 conviction was incorrectly noted on his judgment and sentence as a class B offense.  Because counting Hatt's 1991

---

[23] Id. at 472 (citing State v. Morley, 134 Wn.2d 588, 605-06, 952 P.2d 167 (1998)).

[24] Id.

[25] Id. at 472-73.

[26] Id. at 473 (citing Morley, 134 Wn.2d at 605-06).

[27] Id. at 472.

[28] Report of Proceedings (July 6, 2017) at 8.

[29] Id. at 8, 16-17, 41-44.

conviction as a class B rather than class C felony could have resulted in a miscalculation of his offender score, we accept the State's concession that remand for resentencing is appropriate.

Additionally, Hatt argues that the trial court erred in including his 2001 California conviction for "possession of [a] firearm by a felon" on his judgment and sentence as a class B offense.[30] But Hatt's September 11, 2020 judgment and sentence listed his 2001 conviction for possession of firearm by a felon as a class C felony.[31] Hatt's argument is misguided. But any potential error resulting from the inconsistency between the trial court's oral decision and Hatt's judgment and sentence can also be addressed at resentencing on remand.

Therefore, we remand for resentencing.

_____, J.

WE CONCUR:

_Andrus, A.C.J._   _Mann, C.J._

---

[30] Appellant's Br. at 12-14.

[31] CP at 38.

7