FILED
12/19/2022
Court of Appeals
Division I
State of Washington

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| THE STATE OF WASHINGTON, | No. 83413-4-I |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| CHAD WAYNE HURN, | |
| Appellant. | |

BOWMAN, J. — A jury convicted Chad Wayne Hurn on 13 counts, including 11 felonies. We affirmed those convictions on appeal. Several years later, Hurn filed a personal restraint petition (PRP), arguing that the combined terms of confinement and community custody for count I exceeded the statutory maximum punishment. We agreed and remanded for the superior court to correct the error. At resentencing, Hurn asked the trial court to also resentence him on count III. The court refused and entered an order amending the judgment and sentence as to only count I. Hurn appeals, arguing that the court erred by refusing to resentence him on count III and by amending rather than entering a new judgment and sentence. In his statement of additional grounds for review (SAG), Hurn also argues that his offender score includes several facially invalid prior convictions warranting remand. Finding no error, we affirm.

FACTS

This is Hurn's third appeal in this matter. The facts underlying Hurn's convictions are set out in this court's first opinion, and we need not repeat them

here.[1]  We discuss only the facts relevant to the current appeal.

In 2014, a jury convicted Hurn on 13 counts, including 11 felonies.  At issue in this appeal are his convictions on count I for second degree assault, count II for unlawful possession of a firearm in the first degree, and count III for possession of a stolen firearm.

At sentencing on April 8, 2014, the court calculated Hurn's offender scores as 18 on counts II and III; 19 on counts I, VIII, IX, X, XI, and XIII; and 30 on counts IV, V, and VI.  The trial court imposed a standard-range sentence on counts I, II, III, and XI, including 96 months for count III and a mandatory 36-month firearm enhancement for count I.  The court ordered Hurn to serve count III and the firearm enhancement consecutive to all other counts.[2]  And it imposed concurrent, exceptional upward sentences on the rest of the counts under the free crimes doctrine,[3] the longest of which was 120 months on count XIII.  The total sentence amounted to 252 months.

Hurn appealed his convictions in 2015.  We affirmed.[4]  Several years later, Hurn moved to vacate his judgment under CrR 7.8, arguing that the combined

---

[1] State v. Hurn, No. 71813-4-I, slip op. at 1-7 (Wash. Ct. App. Dec. 7, 2015) (unpublished), https://www.courts.wa.gov/opinions/pdf/718134.pdf.

[2] Although the judgment and sentence lists only count III, RCW 9.41.040(6) and RCW 9.94A.589(1)(c) require that Hurn serve the firearm convictions in counts II and III consecutive to each other.  And RCW 9.94A.533(3)(e) requires that the firearm enhancement run consecutively to all other sentencing provisions.

[3] The "free crimes" doctrine refers to the court's authority to impose an exceptional sentence when "[t]he defendant has committed multiple current offenses and the defendant's high offender score results in some of the current offenses going unpunished."  State v. France, 176 Wn. App. 463, 468-69, 308 P.3d 812 (2013); RCW 9.94A.535(2)(c); see State v. Smith, 67 Wn. App. 81, 91, 834 P.2d 26 (1992), aff'd, 123 Wn.2d 51, 864 P.2d 1371 (1993).

[4] Hurn, No. 71813-4-I, slip op. at 1.

term of confinement and community custody in count I exceeded the statutory maximum.  See RCW 9.94A.505(5); former RCW 9.94A.701(9) (2010).  The superior court transferred the motion to this court for consideration as a PRP.  CrR 7.8(c)(2).

We first remanded for the trial court to amend Hurn's community custody term consistent with former RCW 9.94A.701(9).[5]  Hurn moved to reconsider, arguing that the trial court had discretion to choose between amending the community custody term, reducing the amount of confinement, or a combination of each to comply with former RCW 9.94A.701(9).  We agreed and issued another opinion remanding for the trial court "to enter a sentence consistent with [former] RCW 9.94A.701(9)."[6]

On remand, Hurn asked the trial court to "exercise its discretion by resentencing him to an exceptional sentence of 156 months" by running the term imposed in count III concurrent to all other terms of confinement apart from the 36-month firearm enhancement.[7]  The trial court questioned whether it could

---

[5] In re Pers. Restraint of Hurn, No. 78689-0-I, slip. op. at 2 (Wash. Ct. App. May 18, 2020) (unpublished) (per curiam), https://www.courts.wa.gov/opinions/pdf/786890.pdf.

[6] In re Pers. Restraint of Hurn, No. 78689-0-I, slip op. at 2-3 (Wash. Ct. App. July 20, 2020) (unpublished) (per curiam), https://www.courts.wa.gov/opinions/pdf/786890%20order%20and%20opinion.pdf.  Hurn also argued that the court incorrectly calculated his sentence.  He asserted that his total sentence should be 248 months.  But we determined that the court correctly calculated his total confinement as 252 months.  Hurn, No. 78689-0-I, slip. op. at 2-3.  Hurn moved for discretionary review.  A Supreme Court commissioner confirmed that 252 months accurately reflected the sentence and denied review.  Hurn moved to modify the commissioner's order, which the Supreme Court denied.

[7] Citing State v. McFarland, 189 Wn.2d 47, 55, 399 P.3d 1106 (2017), Hurn argued that the court may legally impose such a sentence despite the statutory requirement under RCW 9.41.040(6) that counts II and III run consecutively if it determines that the operation of the statute results in a clearly excessive sentence.  See RCW 9.94A.535(1)(g).

resentence beyond correcting count I, as "there has been reversal on [only] a limited issue." But it said that even if it had "authority to sentence or resentence the defendant, the Court would exercise its discretion in not imposing . . . a sentence below the standard sentencing range." The court entered an order amending Hurn's judgment and sentence that reduced the time of confinement on count I to bring it under the statutory maximum sentence and ordered community custody. Hurn's total confinement remained 252 months.

Hurn appeals.

ANALYSIS

Resentencing on Remand

Hurn argues that the trial court erred by refusing to resentence him on count III and failing to explain why it did so. According to Hurn, our remand "did not limit the scope of resentencing in any way," so the court abused its discretion when it "refused to properly consider Mr. Hurn's request for a mitigated sentence." We disagree.

The scope of the appellate court's mandate limits a trial court's discretion to resentence on remand. State v. Kilgore, 167 Wn.2d 28, 42, 216 P.3d 393 (2009). When we remand for the trial court to enter only a ministerial correction of the original sentence, the court has no discretion to resentence. State v. Toney, 149 Wn. App. 787, 792, 205 P.3d 944 (2009). But when we remand more broadly for resentencing, the trial court may resentence on counts that were not the subject of the appeal. Id. If the trial court exercises its discretion to resentence on counts outside the scope of the appeal, the defendant may

4

challenge that exercise of discretion. Kilgore, 167 Wn.2d at 38-39. And a trial court abuses its discretion if it refuses to consider a mitigated sentence under the mistaken belief that it lacked discretion to do so. State v. McFarland, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017). Still, there is no appealable issue to review if the trial court recognizes its discretion but chooses not to exercise its independent judgment to review issues outside the scope of remand. Kilgore, 167 Wn.2d at 40; State v. Barberio, 121 Wn.2d 48, 50, 846 P.2d 519 (1993) (per curiam).

Here, we remanded for the trial court "to enter a sentence consistent with [former] RCW 9.94A.701(9)." The remand directed the court to resentence Hurn on only count I in a manner that does not exceed the statutory maximum. As much as the court may have had discretion to resentence Hurn on other counts, it chose not to do so. That decision is not subject to review, and Hurn points to no authority holding that a court must explain why it refused to resentence outside the scope of remand.[8] And as much as Hurn argues the court may have erred by not recognizing its discretion to resentence him on the other counts, any error would be harmless because the court said it would not exercise that

---

[8] Hurn also argues that McFarland applied retroactively at resentencing because "[a] change in the law applies to all cases not yet final." See McFarland, 189 Wn.2d at 53-55 (mitigated sentences available when sentencing firearm-related charges). He cites In re Personal Restraint of St. Pierre, 118 Wn.2d 321, 326, 823 P.2d 492 (1992), in support of his argument. ("A new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final."). But he later concedes that "McFarland is not a change in law at all." In any event, "[c]orrecting an erroneous sentence in excess of statutory authority does not affect the finality of that portion of the judgment and sentence that was correct and valid when imposed." In re Pers. Restraint of Goodwin, 146 Wn.2d 861, 877, 50 P.3d 618 (2002). So, Hurn's judgment and sentence remained final as to all counts other than count I. And McFarland was not a significant change in the law that would otherwise justify a right to resentencing. In re Pers. Restraint of Henriques, 14 Wn. App. 2d 199, 200-01, 470 P.3d 527 (2020).

5

discretion "even if" it could.  See State v. Meza, 22 Wn. App. 2d 514, 543, 512 P.3d 608 (2022).  The trial court did not err by refusing to resentence Hurn outside the scope of remand.

Order Amending Judgment and Sentence

Hurn argues that the trial court erred by entering an order amending his judgment and sentence.  He contends that RCW 9.94A.480(1) "requires" the entry of an entirely new judgment and sentence at resentencing.  We disagree.

Interpretation of the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, is a question of law that we review de novo.  State v. Jones, 172 Wn.2d 236, 242, 257 P.3d 616 (2011); see also State v. Conover, 183 Wn.2d 706, 711, 355 P.3d 1093 (2015).  When interpreting a statute, we first look to its plain language.  State v. Armendariz, 160 Wn.2d 106, 110, 156 P.3d 201 (2007).  "A statute that is clear on its face is not subject to judicial construction."  State v. J.M., 144 Wn.2d 472, 480, 28 P.3d 720 (2001).  We assume the legislature meant exactly what it said and apply the statute as written.  State v. Roggenkamp, 153 Wn.2d 614, 625, 106 P.3d 196 (2005); see also Armendariz, 160 Wn.2d at 110 ("If the plain language of the statute is unambiguous, then [our] inquiry is at an end.").

RCW 9.94A.480(1) states:

A current, newly created or reworked judgment and sentence document for each felony sentencing shall record any and all recommended sentencing agreements or plea agreements and the sentences for any and all felony crimes kept as public records under RCW 9.94A.475 shall contain the clearly printed name and legal signature of the sentencing judge.  The judgment and sentence document as defined in this section shall also provide additional space for the sentencing judge's reasons for going either

6

above or below the presumptive sentence range for any and all felony crimes covered as public records under RCW 9.94A.475. Both the sentencing judge and the prosecuting attorney's office shall each retain or receive a completed copy of each sentencing document as defined in this section for their own records.

Contrary to Hurn's argument, this statute addresses only the content of a "current, newly created or reworked judgment and sentence." RCW 9.94A.480(1). The statute does not mandate creation of a new judgment and sentence at resentencing.

Hurn urges us to interpret the statute to require a new judgment and sentence because the Department of Corrections (DOC) "has a demonstrated inability to accurately calculate sentences," and he cannot expect that DOC will accurately calculate his sentence if it must look to more than one document. And he contends that requiring the court to create a new judgment and sentence ensures a more accurate public record. Even assuming Hurn's policy argument is true, it is best made to the legislature. We "cannot add words or clauses to an unambiguous statute when the legislature has chosen not to include that language." State v. Delgado, 148 Wn.2d 723, 727, 63 P.3d 792 (2003). The trial court did not err by entering an order amending Hurn's judgment and sentence.

Statement of Additional Grounds for Review

In his SAG, Hurn argues that the trial court should resentence him because it sentenced him using an incorrect offender score.

"We review a sentencing court's calculation of an offender score de novo." State v. Tili, 148 Wn.2d 350, 358, 60 P.3d 1192 (2003). The sentencing court follows the guidelines of the SRA to calculate an offender's score. See RCW

7

9.94A.525, .510. In calculating an offender score, the sentencing court must (1) identify all prior convictions, (2) eliminate those that "wash out," and (3) count the prior convictions that remain. State v. Moeurn, 170 Wn.2d 169, 175, 240 P.3d 1158 (2010). The State must prove the existence of prior convictions by a preponderance of the evidence. In re Pers. Restraint of Adolph, 170 Wn.2d 556, 566, 243 P.3d 540 (2010).[9] The State need not prove the underlying constitutional validity of convictions used to calculate a defendant's offender score. State v. Ammons, 105 Wn.2d 175, 187, 713 P.2d 719, 718 P.2d 796 (1986). But a defendant may challenge a prior conviction that is facially invalid—meaning "a conviction which without further elaboration evidences infirmities of a constitutional magnitude." Id. at 187-88.

The remedy for sentencing under an incorrect offender score is remand to resentence using the correct offender score. State v. Markovich, 19 Wn. App. 2d 157, 173, 492 P.3d 206 (2021), review denied, 198 Wn.2d 1036, 501 P.3d 141 (2022). But if the error in the offender score does not change the defendant's standard range, we need not remand. State v. Argo, 81 Wn. App. 552, 569, 915 P.2d 1103 (1996). And we need not remand to correct an error in calculating a standard range before imposing an exceptional sentence when the "record clearly indicates the sentencing court would have imposed the same sentence anyway." State v. Parker, 132 Wn.2d 182, 189, 937 P.2d 575 (1997).

1. Hit and Run Conviction

Hurn first argues that the sentencing court must correct his offender score

_____

[9] The best evidence of a prior conviction is a certified copy of the judgment and sentence. State v. Witherspoon, 180 Wn.2d 875, 893, 329 P.3d 888 (2014).

and resentence him because it includes a facially invalid conviction from 2008 for hit and run.

Hurn argues that the court should not have included his hit and run conviction in his offender score because the sentence for that conviction exceeds the statutory maximum.  But, even accepting that assertion, the hit and run conviction itself remains valid.  See In re Pers. Restraint of Tobin, 165 Wn.2d 172, 176, 196 P.3d 670 (2008) (when a court imposes a sentence that exceeds the statutory maximum, the proper remedy is remand to correct the sentence).  Hurn fails to show that a facially invalid sentence for a prior conviction amounts to an infirmity of constitutional magnitude such that the conviction itself is facially invalid.

### 2.  Possession of Controlled Substance Conviction

Hurn also argues that his offender score includes a 2005 conviction for possession of a controlled substance, which is invalid under State v. Blake, 197 Wn.2d 170, 195, 481 P.3d 521 (2021).  He is correct.  But the trial court did not count his possession of controlled substance conviction when resentencing him on count I.  And any error on the other counts does not warrant remand.

In Blake, our Supreme Court held that Washington's strict liability drug possession statute, former RCW 69.50.4013(1) (2017), violates state and federal due process clauses and is therefore void.  197 Wn.2d at 195.  A court cannot consider a conviction based on an unconstitutional statute when calculating an offender score.  See Ammons, 105 Wn.2d at 187-88.

At his resentencing hearing, Hurn noted that the offender score in his

9

judgment and sentence included a prior conviction for possession of a controlled substance. The prosecutor acknowledged that excluding the conviction would reduce Hurn's offender score by 1 point:

> As the Court can see from the judgment and sentence in this case, for Counts I, VIII, IX, X, XI, and XIII, the offender score was 19. With the [Blake] conviction of VUCSA[10] being gone, instead of an offender score of 19, [Hurn] still would have had an offender score of 18.
> For Counts [IV], V, and VI, he'd have the offender score of 30. If you got rid of that [Blake]-VUCSA conviction, he'd have an offender score of 29.
> For Counts II and III, with an offender score of 18, without that [Blake] conviction, he has an offender score of 17.

Using the corrected offender score, the court then resentenced Hurn to 102 months' confinement and 18 months of community custody for count I.

As to the counts on which the court did not resentence Hurn, counts II, III, and XI involve standard-range sentences. And the reduction of 1 point from Hurn's offender score did not change the standard range for those counts.[11] We need not remand for resentencing on those counts. As for the exceptional sentence based on the free crimes doctrine, the court recognized that despite the reduction in Hurn's offender scores, they were still "some of the highest offender scores [the court] had ever seen." It stated:

> [T]he Court is mindful of [its] earlier decision to impose an exceptional sentence above the standard sentencing range because of the number of crimes contained within the standard range, which has been proven, far exceeded the maximum number of 9. In fact — and by finding the Court of Appeals' finding that those standard ranges, the offender scores, were appropriate, we need not have the State reprove the offender score or the standard ranges other than to say that even if we subtracted the one score

---

[10] Violation of the Uniform Controlled Substances Act, chapter 69.50 RCW.

[11] Even after reducing Hurn's offender scores by 1 point, each count still exceeds the statutory maximum of 9. See RCW 9.94A.510.

for the [VUCSA] under the [Blake] decision, we would still have an offender score of 18 on the Count I, an offender score, I believe, of 29 under Count II, and an offender score of 17 under Count III the Court will also find.

So we have — under any scenario, we have far exceeded the standard sentencing range's maximum of 9 on each of those counts. And I believe that as I indicated back when we originally sentenced Mr. Hurn, having been involved in the criminal justice system for over 30 years, these were some of the highest offender scores that I had ever seen.[12]

Because the record clearly indicates that the court would have imposed the same exceptional sentence despite the 1-point reduction in Hurn's offender score, we need not remand for resentencing on those counts.

The trial court did not err by refusing to resentence Hurn on count III and entering an order amending his judgment and sentence. Nor is remand warranted to resentence Hurn with a corrected offender score. Finding no error, we affirm.

_Brennan, J._

WE CONCUR:

_Díaz, J._

---

[12] While the trial court apparently referred to counts I, II, and III at multiple points in the hearing, we recognize that the court was referring to groups of convictions. Excluding the conviction invalidated by Blake, the proper offender score for counts II and III is 17; counts I, VIII, IX, X, XI, and XIII is 18; and counts IV, V, and VI is 29.